UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YAYA JALLOW,

                Plaintiff,

    -against-                           20-CV-6260 (LLS)

CITY OF NEW YORK POLICE              ORDER TO AMEND
DEPARTMENT; FIRE DEPARTMENT OF
THE CITY OF NEW YORK,

                Defendants.

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that in 2019, Defendants falsely detained him and forcibly confined him at Jacobi Medical Center. By order dated August 28, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the New York City Police Department (NYPD) and the New York City Fire Department (FDNY), claiming that employees from both departments violated his rights. He alleges that these employees violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution by denying him life, liberty, and property without due process of law. He does not name individual defendants.

The following facts are taken from the complaint: On May 9, 2019, individuals from the NYPD Transit Division "falsely detained" Plaintiff. (ECF No. 2, at 1.) During the summer of 2019, "Police Department personnel" "tailed" Plaintiff, who

> was the unfortunate victim of multiple thefts and the ensuing cover-up attempt which resulted in the unfortunate forcible confinement of The Plaintiff against his will and consent at Jacobi Medical Center for 21 hours on August 9th, 2019, 4 days after the last attempt at stealing from The Plaintiff.

(*Id.*) Later in the month, on August 30, 2019,

> one of those parties felt the need to call The Defendants to help them facilitate and advance along their plans. Despite not having no valid nor legitimate reason to the parties in question called The Defendant and despite having a normal casual conversation with The Defendants' personal [sic] and not displaying any reason to warrant it The Defendants sought fit and with complete disregard for The Plaintiff's multiple objections to forcible confine, transport, and admit The Plaintiff to the hospital, at this point the 2nd time in less than 3 weeks by the same the City of New York Police Department precinct.

(*Id.*) Because of "Defendants' actions The Plaintiff was transferred from his, at the time, current shelter to a 'disciplinary shelter' in a last ditch attempt by several of the aforementioned parties to force The Plaintiff into silence." (*Id.* at 1-2.)

Plaintiff seeks money damages.

## DISCUSSION

**A.     NYPD and FDNY**

Plaintiff's claims against the NYPD and the FDNY must be dismissed because agencies of the City of New York are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD and the

3

FDNY with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      Municipal Liability**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

In light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint to state facts in support of his claims against the City of New York, including facts suggesting that a City policy, custom, or practice caused the alleged constitutional violations.

**C.      Personal Involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

Here, Plaintiff alleges that several individuals violated his rights, but he does not identify these individuals. For example, Plaintiff states that NYPD and FDNY employees facilitated his hospitalization, but he does not name those individuals – even as John or Jane Doe defendants. The Court therefore grants Plaintiff leave to name the individual-defendants who personally violated his constitutional rights and state facts in support of his claim against each individual-defendant.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[3] For example, a defendant may be identified as: "NYPD Officer John Doe #1 on duty August 9, 2019, during the 7-3 p.m. shift."

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.[4] Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-6260 (LLS).

An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court directs the Clerk of Court to amend the caption of this action to replace the NYPD and the FDNY with the City of New York. *See* Fed. R. Civ. P. 21.

SO ORDERED.

Dated:   August 31, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[4] Plaintiff has consented to electronic service. (ECF No. 3.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
             (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                    State                    Zip Code

_____

Telephone Number              Email Address (if available)

Page 3

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
              First Name              Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City            State            Zip Code

Defendant 2: _____
              First Name              Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City            State            Zip Code

Defendant 3: _____
              First Name              Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City            State            Zip Code

Defendant 4:

First Name        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City        State        Zip Code

### III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____

### INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

### IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

Page 6

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name       Middle Initial | Last Name |
| Street Address | |
| County, City       State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7