1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

# United States District Courts
## Southern District of New York

| | |
|---|---|
| *Yaya Jallow*,<br>Plaintiff,<br>v.<br>*City of New York*,<br>Defendant. | Case No. 1:20-cv-06260<br>Amended Complaint<br><br>*Magistrate Judge Hon. Sarah Netburn* |

## *Complaint for Declaratory Relief & Compensatory Damages*

### *I. Introduction*

1. The Plaintiff, in proper person, is filing this complaint and respectfully requesting a declaratory judgment and compensatory damages against the aforementioned Defendant for causing harm & damages to The Plaintiff in clear violation of New York State Tort statues; the United States' and New York State Constitutions; & several federal, state, and local statutes when The Defendant's personnel infringed on The Plaintiff's Civil & Constitutional Rights by detaining and falsely imprisoning him on multiple occasions in complete disregard for The Plaintiff's life, liberties, reputation, and livelihood.

   1. After being falsely detained by the City of New York Police Department Transit 11th Division on May 9th 2019, by Officer John Doe #1-#3, and noticing an increased police presence wherever he went, The Plaintiff would become the unfortunate victim of multiple thefts and their ensuing cover-up attempts which resulted in the unfortunate forcible imprisonment of The Plaintiff against his will & consent at Jacobi Medical Center, located at *1400 Pelham Parkway South, The Bronx, New York 10461*, for 21 hours on *August 9th 2019*, 4 days after the last attempt at stealing from The Plaintiff (see *Exhibits 2-8, 12-13, & 25-26*).

   2. After experiencing that unfortunate experience The Plaintiff began the notification phase of his legal endeavors and would start informally informing all involved parties of the pending nature of several litigations against them. After being informed, several of the involved parties felt the need to further discredit and slander The Plaintiff by once again getting The Plaintiff forcibly imprisoned against his will & consent in an apparent attempt to deprive him of his due process right, further their discrimination scheme, and slander & discredit him. (see *Exhibits 17-24 & 35*)

   3. On August 30th 2019 one of those parties felt the need to call The Defendant's personnel to help them facilitate and advance along their plans. Despite not having no valid nor legitimate reason to, the parties in question called The Defendant's personnel, Officer John Doe #13-#17 & Jane Doe #1, and despite having a normal casual conversation with The Defendant's personnel (John Doe #12 & #13) and not displaying any reason to warrant it The Defendant's personnel collectively sought it fit and within their authority & duty, all while showing a complete disregard for The Plaintiff's multiple objections of being forcible confined, transported, and admitted to the *North Bronx Medical Center* located at *3424 Kossuth Avenue, The Bronx, New York 10467* (see *Exhibits 14 & 15*), at this point the 2nd time in less than 3 weeks by the same *City of New York Police Department 52 Precinct*, located at *3016 Webster Ave, The Bronx, New York 10467* in what can only be described as blatant entrapment scheme regardless of the cognitive awareness of the participants in each events, from the

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

    guilty parties that fraudulently called the Defendant's personnel, known as a SWAT call (see *Exhibit 12*), to the Officers that responded to the incident and their choices of actions thereafter.

2. Through The Defendant's personnel's several limited encounters and interactions with The Plaintiff, said personnel would automatically assume The Plaintiff was always in the wrong and the aggressor despite more often than not being the actual victim; prescribed to their own preconceived beliefs & ideas; disregarding all & any evidence to the contrary, never even alone attempting to bear witness to any, of what they believed was occurring regardless of how well the situations spoke for themselves; & depict The Plaintiff as wrong, unhinged, and criminal to all around whom were present for said situations, in a complete disregard for public order or safety.

    1. From The Plaintiff's several first encounters with the City of New York Police Department personnel The Plaintiff would gain the impression, at the least, that his encounters with the Department were questionable, if not fabricated, from the Department's questionable gained interest in The Plaintiff after his state tax refund was questionably withheld (see *Exhibit 1*) and even more after he would report what he believed to be an entrapment attempt (see *Exhibits 1-3*), at the least, to the City of New York Civilian Complaint Board (see *Exhibit 4*) to invasion of privacy, at the most.

        1. From the very onset The Plaintiff would gain the impression that the Department's personnel appeared to either know or knew of The Plaintiff, which The Plaintiff would argue is apparently impossible due to their actions showing their lack of knowledge of The Plaintiff, who he is, what he stands for, nor of his passive, non-confrontational, peaceful nature. The Plaintiff would also argue that the Department's personnel's actions would perpetuate, embolden, & assist in the furtherance of the terror campaign The Plaintiff was the unfortunate victim of, regardless of those personnel's unquestionable cognitive awareness of it.

    2. Despite the Department's Officers having no obligation to protect anyone individual from another, unless they are liable for the harm and/or danger that one person could be in, they do however have a duty to ensure public order and to protect the community (public) at large and maintaining safety & order.

        1. Despite not having no obligation to protect anyone from another the City of New York Police Department would feel the need to answer & respond to fraudulent calls about The Plaintiff, a known fact due to it being blatantly easily obviously on display in the Cricket Wireless Sprint 911 Call (see *Exhibit 12*) when the caller stated that The Plaintiff was 205 years old and had the "wrong" glasses as if attempting to act like she knew The Plaintiff, and in spite of the current police brutality climate & easily triggered fingers of NYPD, on display through their easily assumed assumption that The Plaintiff was the guilty criminal party, however the City of New York Police Department would still feel the need to answer and send Officers to these hate-filled & malicious fraudulent calls ("SWAT") & create an unnecessarily dangerous situations for The Plaintiff and everyone involved, from the Officers to the general public. Despite the criminally scheming nature of the City of New York Department of Homeless Services, they could have passed the call to the Shelter Staff or the Department, as they have done to The Plaintiff countless times since.

        2. Once on the scene the City of New York Police Department Officers would never attempt to even properly investigate what was occurring, a clear violation of their patrol guide & in the face of The Plaintiff attempts to fully inform them of what was occurring, and would automatically believe the fraudulent calling party, despite deliberately

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

ignoring all The Plaintiff's legitimate 911 calls especially after the expiration of The Plaintiff's ACD that was pertaining to the May 9th 2019 entrapment arrest, & assume The Plaintiff was the lying and aggressive party, a biased and racially motivated assumption, another clear and cut violation of the NYPD patrol guide. The Officers would also pat down The Plaintiff during the August 9th 2019 encounter (see *Exhibit 25*) and bring riot gear to the August 30th 2019 arrest despite every interaction The Plaintiff having with the Department & it's Officers leading up to those fraudulent arrest being corgile, non-violent, & non-confrontational and all the agitating actions being on the Officers parts along with racially profiling, false imprisonment, defamation, & assumed detaining custody of The Plaintiff, despite having no legal, valid, nor legitimate reason to infringe on The Plaintiff's rights to searches, & the obligation to walk away from a dangerous situation, something if The Plaintiff is not mistaken is a New York State obligation to anyone that is in a situation to attempt to walk away first.

3. After answering the fraudulent calls and sending Department Officers, who would go against their main duty of protecting public safety and the public at large by assisting & furthering the terror campaign The Plaintiff was the unfortunate victim of by agitating and provoking him & even attempting to convince The Plaintiff into the exact opposite of what he was saying and occurring, even going so far as to tell The Plaintiff that he was in the wrong despite not really hearing both sides of the story and in the face of of what The Plaintiff was claiming, all while sanctioning & condoning the fabricating of dangerous situations and endangering everyone around by acting as they did. The Defendant's Officers would then endanger both The Plaintiff & general hospitals' public by imprisoning The Plaintiff around other individuals whom were already admitted and any possible dangerous situation that could arise from assuming custody of said aforementioned personnel by deliberately attempting to portray them as mentally unstable, a slanderous & dangerous stigmatization to knowingly stigmatized to anyone. Through the Defendant's Officers choice of biasingly believing the fraudulent callers' illiterately malicious intent to portray The Plaintiff as mentally unstable despite there being no valid, legitimate, nor reasonably sound reason to & it's apparentlyness first step in forcing The Plaintiff to die at the hands of the City of New York Police Department and by extension them, as Exhibit 37 & countless news articles about stories just like the situation The Plaintiff was forced into throughout the country and years would show. As a direct consequence of the Department's Officers' actions, regardless of the time spent thinking or the thoughtfulness behind their decisions due to the assumed common sense nature of the blatant murder attempt those aforementioned callers were attempting to pull off, The Plaintiff would obtain a mental disorder & criminal stigmatization and get transferred to Kingboro's Men's Shelter, a New York State owned hospital, where The Plaintiff would eventually have his property stolen as an apparent form of retaliation. The Defendant's Officer & Fraudulent Callers would deliberately create unnecessarily danger situations for The Plaintiff and those in the vicinity, as well as the very same callers, and despite being directly responsible for the present danger those involved would feel no obligation, despite it being clear as day, to attempt to defuse, deescalate, or defang said dangerous situations and their direct & indirect byproducts such as the likewise present danger of jail or hospital psych wards in the clear face of the self-fulfilling obligation of protecting those one places in danger.

3. Through the Defendant's personnel's actions of detaining & forcibly admitting The Plaintiff, he would be forced to endure through the stigmatization associated with having a mental disorder

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

and/or criminal record. As a direct consequence of aforementioned personnel's actions The Plaintiff was forced to miss work, and his scheduled wages for that day, and would also have a gradual harder time obtaining employment or a decent quality of life.

1. By forcing The Plaintiff to be associated with the stigmatization affiliated with these demographic characteristics The Plaintiff was forced to endure through countless discrimination and harassment encounters to overt shows of hate, distain, malice, & ill-will towards him.
2. By choosing to answer, let alone respond, to fraudulent calls about The Plaintiff, let alone several, the Defendant's personnel created hazardous situations for all those involved, even the general public at large, and time after time those personnel would fall victim to blatant bias and end up, whether knowingly or unknowingly, exacerbating said aforementioned situations.
3. As a direct consequence of said personnel's actions The Plaintiff was branded with the stigmatization of having a mental disorder and/or having a criminal record. As the intended byproduct of these acts, being falsely imprisoned 3 times, The Plaintiff would end up getting transferred to a disciplinary shelter hospital, owned by New York State, where once again after The Plaintiff would attempt to inform the Defendant of this claim he would be retaliated against and during the course of which he would lose his property & belongings. During all this due to the aforementioned byproduct The Plaintiff would become exposed to horrendous & dangerous situations that would cause The Plaintiff emotional and physical turmoil the likes of which he's never experienced before.

### *II. Claim*

4. *The Plaintiff was profiled by the Defendant's Officers after their choice of answering to a fraudulent 9-11 SWAT call, a clear and present public danger & in clear violation of the City of New York Police Department Patrol Guide, & forcibly imprisoned on several occasions that surreptitiously slanderously stigmatizing The Plaintiff. As a direct consequence of their choices The Plaintiff was endangered & emotionally terrorizing and caused to lose his property after exposing him to countless dangerous and harmful situations that would cause The Plaintiff irreversible harm.*

### *III. Jurisdiction & Venue*

5. The Plaintiff brings this case pursuant to 42 U.S.C §1981, §1983; New York Consolidated Laws, General Municipal Law Article 4 §50-J; City of New York Police Department Patrol Guide; Civil Rights Acts; for violation of The Plaintiff's Civil Liberties and the infliction of damages upon the The Plaintiff due to The Defendant's personnel's actions.
6. This case presents a federal question within this Court's jurisdiction under Article III of the United States Constitution & 28 U.S.C. §1331, §1343, §1332.
   1. *"Did The Defendant attempt to disenfranchise The Plaintiff of his due process right?"*
   2. *"Did The Defendant attempt to discriminate against him due to his Civil Rights characteristics as outlined in the Civil Rights Act?"*
   3. *"Did The Defendant willfully place The Plaintiff in countless hazardous situations through their personnel's willful acts and/or omissions?"*
7. Declaratory relief is authorized by 28 U.S.C. §2201 and §2202.
8. Compensatory damages is authorized by 42 U.S.C §1981.
9. Venue is proper in This Court under 28 U.S.C §1391 because one or both parties reside in this

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

district and a substantial part of the events given rise to this claim occurred in this district.

1.  Due to The Plaintiff's desire to preserve his due process right, and negate all mistakes and/or unjustifiable improprieties, The Plaintiff feels The United States District Courts would be the bare minimum venue to hear The Plaintiff's complaints.

10. The Plaintiff does not seek a jury trial and designates Manhattan as the place for trial.

### *IV. Cause of Action*

11. Violation of 5 & 14 Amendment Rights
    1.  In United States Constitution Law, a Due Process Clause is found both in the Fifth and Fourteenth Amendments which prohibits arbitrary deprivation of life, liberty, or property by government as authorized by law. The United States Supreme Court would interpret these clauses broadly, concluding that they provide three protections (in both civil and criminal proceedings):
        1.  *substantive due process, a prohibition against vague laws, & as the vehicle for the incorporation of the Bill of Rights.*
        2.  The Plaintiff would also like to add *"procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property"*
    2.  During every interaction The Plaintiff had with The Defendant's personnel he would make sure to verbally and visually communicate with said personnel of his refusal to be detained and forcible imprisoned against his will and despite not having any legitimate nor valid reason to and being provided with multiple physical exhibits to invalidate their actions and choices, those personnel would deem it necessary and within their authority & duty to assist fraudulent parties in their aim to disenfranchise and destitute The Plaintiff of his civil liberties.
    3.  In spite of the face of the statues, and as it seems the modus operandi of their actions, and in lue of The Defendant's, and it's governing power's, ever growing choice of interest in The Plaintiff (see *Exhibit 1-4*), The Defendant's personnel would attempt to taint The Plaintiff in the eyes of The United States Judiciary and deprive him of the right to legal protection under the color of the law and as such deprive him the ability of being a participating party, or being able to represent himself, in the United States Judiciary system and as such forcing The Plaintiff or any reasonable person into criminality, a exacerbating characteristics for anyone especially The Plaintiff due to his race, color, & national origin.
12. Violation of Civil Rights Act
    1.  The United States Civil Rights Act prohibits any form of discrimination, especially in public accommodation, on the basis of race, color, sex, religion, or national origin.
    2.  The Plaintiff was always assumed guilty & the aggressive party, a stigmatization often associated with The Plaintiff's race, color, & sex, and penalized accordingly, another stigmatization often associated with The Plaintiff's race, color, & sex and in the face of countless exhibits, always present on The Plaintiff but never afforded the opportunity nor chance to present, and physically evidence (see *Exhibits Packet*), such as The Plaintiff's demeanor and/or countless attempts at communicating, through any conceivable method, of the actual occurrence of what was happening, The Plaintiff would always get treated as, through a lack of better words, a criminal black man along with all the stereotypes and stigmatization, and apparently regardless of their factual nature, associated with it, something that common sense would dictate is a clear and present violation of The Civil Rights Acts, on it's face and through it's countless interpretations.

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

13. Violation of New York State Tort Statutes
   1. In accordance with *New York Consolidated Laws, County & General Municipal, Article 2 Section 52 -54 & Article 4 Section 50-J* respectfully as well as *New York Consolidated Laws Public Officers Laws*, in particular *Section 10*, and *New York State Law Section 72 & 74* The Defendant's personnel placed The Plaintiff in countless hazardous & fictitious situation that have created irreversible damages and pain & suffering to The Plaintiff in clear violation of tort cannon. Despite not owing no one in particular any protection The Defendant's personnel would feel the need to protect random fraudulent SWAT callers from The Plaintiff by subjugating him to deliberate stigmatization that has for centuries allowed countless deranged, malicious, & weak willed individuals to get away with flagrant and blatant murder and despite being directly responsible for this dangerous stigmatization The Defendant's personnel would do everything in their power to never attempt to correct their wrong, going out of their way to stay wrong, and instead would go onward to attempt to further hinder, obstruct, and harm The Plaintiff through further deliberate wrong choices, as The Plaintiff would infer from his own perspective.
14. Amount In Controversy
   1. The amount in compensatory damages requested meets with the required threshold for This Court and the actual amount in damages surpasses the maximum of most any courts this litigation would also fall under the jurisdiction of.
   2. Due to The Defendant being a governmental agency and The Plaintiff seeking a fair and just judgment due to The Defendant being part of a governmental body that has on numerous occasions wronged and disenfranchised The Plaintiff and as such The Plaintiff deems This Court as the proper, and only, venue for the damages and relief The Plaintiff seeks.
   3. As well as inline with Tort cannon The Plaintiff believes all damages seeked are just, fair, and valid due to The Defendant's personnel acts and/or omission being both, despite it being mind-boggling, directly and indirectly responsible and liable for the harm and damages as it pertains to The Plaintiff as outlined in this complaint.

## V. Parties

15. The Plaintiff, *Yaya Jallow*, (hereinafter "The Plaintiff", "Plaintiff") is an individual who is currently a resident of the State of New York & the City of New York.
16. The Defendant, *City of New York*, (hereinafter "NYPD", "The New York City Police Department", "Police Department", "Police", "The Police", "Officers", "Officer", "The Officers", "FDNY", "The New York City Fire Department", "Fire Department", "EMT", "Medics", "Paramedic(s)") is the legal representative entity of the following agencies:
   1. *City of New York Police Department*: a government agency organized and existing by virtue of the laws of the City of New York. It is currently in charge of policing and enforcing through C.P.R while maintaining law and order in the City of New York.
   2. *Fire Department of the City of New York*: a government agency organized and existing by virtue of the laws of the City of New York. It is currently in charge of emergency medical situations & fire suppression throughout the City of New York.

## VI. Allegation of Facts

17. Facts
   1. After being falsely detained by the City of New York Police Department MTA Transit 11th Division at the Fordham Road Subway station, located at *417 E Fordham Road, The Bronx, New York 10458*, and being questionably detained, imprisoned, & charged The Plaintiff would notice increased police presence until ultimately climaxing in the second forcible imprisonment of The Plaintiff at

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

Jacboi Medical Center, located at **1400 Pelham Parkway South, The Bronx, New York 10461**, against his will for 21 hours on August 9th 2019 under false pretenses and in the face of undoubtable evidence to the contrary and once again on August 30th 2019, for the 2nd time in less than 21 days, by unidentifiable City of New York Police Department 52nd Precinct Officers (**John Doe #7-#11 & Jane Doe #1**) and unidentifiable Fire Department of the City of New York Paramedics (**John Doe #1**).

1. Around August 2019 after suffering for several months, 3 months at that point, at the hands of The Staff at the shelter, operated in-conjunction by another one of The Defendant's agencies along with being sold a defective cellular device (*see Exhibit 5*) by one of his phone provider's authorized dealer. After being ripped off multiple times over the course of the summer of 2019 and having his cellular service, in a semi-signal jamming manner, questionably suspended for a couple of days following up to and afterwards on August 9th 2019, four days after paying his phone bill (*see Exhibit 6*) and two days after his service was "questionable suspended" (*see Exhibit 7*), The Plaintiff deiced enough was enough and he was going to return the favor to the store employees for all the amount of extra work (attempted trauma) they had caused him to endure.

2. After going to the store where The Plaintiff had bought the phone, located at **836 Dekalb Ave, Brooklyn, New York 11221**, which had possibly been tipped off to The Plaintiff's visit by his neighborhood store, located at **327 East Fordham Road, The Bronx, New York 10458**, after he had visited and attempted to obtain a refund and was refused and told to go to the store he bought the phone from, and finding the store closed once again for a second consecutive day The Plaintiff headed back to his neighborhood store once again, with the intent of, seeking a refund or a new device before heading to work.

   1. Once there the store employee refused to honor any of The Plaintiff's request and in turn The Plaintiff went on to inform the store employees of his intent to return the favor of them plain out harassing him to which the store employee told The Plaintiff to go ahead.

   2. The Plaintiff informed the store employee that he was going to take everything off the hooks and place them on the floor even making sure to tell her that he wasn't going to damage anything, to which she gave consent to and with a complete disregard for The Plaintiff's statement.

   3. The Store employee then told The Plaintiff to once again go ahead.

   4. The Plaintiff once again stated what he was about to do, to which the store employee once again gave him confirmation to go ahead.

   5. After receiving verbal and visual confirmation The Plaintiff then proceeded to go around the store and take everything off the hooks and place them on the floor and making sure not to damage anything. (*see Exhibits 25-26*)

   6. At first the store employee didn't care and was even getting ready to pick up the products until second thought after looking The Plaintiff in the eye, changed her mind and decided to call The Police (*see Exhibit 12*). To which The Plaintiff made the effort of informing her that he hadn't done anything illegal nor inherently wrong, it was only then and that she could but she had no right nor reason to and she was really calling The Police on herself, for making a false police report.*see allegation point #1

   7. After the City of New York Police Department Officers John Doe #7-#11 & Jane Doe #1 arrived The Plaintiff attempted to inform The Defendant's Police Officers of what was occurring regardless the City of New York Police Department personnel (Officers John Doe #7-11 & Jane Doe #1) were dismissive, even going so far as to attempt to side with the store employee and attempt to persuade The Plaintiff into thinking he had broken disorderly conduct laws to which, The Plaintiff would rebuff ever attempt the City of New York Police Department Officer John Doe #7 would make to convince The Plaintiff into thinking he had broken a law, let alone any. The Officer John Doe #7 would then deprive The Plaintiff of the ability to casually calmly walk away, a state obligation, and go on to work (**Exhibit 25**)

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

8. After several conversations with the City of New York Police Department Officer John Doe #7, he would decide that they were going to send The Plaintiff to get an evaluation all to which The Plaintiff verbally, visually, and as semi-physically as possible in that situation objected to and plain out refused *(see Exhibit 25)*. Due to having to go to work around the same time and living a considerable distance away along with a desire to defuse the situation The Plaintiff did as the City of New York Police Department personnel asked and were telling him to do and waited with them until the ***Fire Department of The City of New York Engine 48 / Ladder 56 / Division 7*** arrived, around 30 minutes later (*see Exhibits 12 & 25*) despite being located within a 5 minute walk from the incident location at ***2417 Webster Avenue, The Bronx, New York 10458***, even with the levels of traffic present that day. (***Exhibits 25 & 12***)

9. When the Fire Department of the City of New York personnel, Paramedic John Doe #1, arrived The Plaintiff once again reiterated his absolute denial and refusal of being taken to the hospital and had just waited to make sure to inform the City of New York Police Department personnel that he hadn't broken any laws nor merchandise and that they were just calling the Fire Department of the City of New York personnel because they knew they shouldn't arrest him. After having a conversation with The Plaintiff which ultimately was pointless due to the City of New York Police Department & Fire Department of the City of New York personnel's' (Officers John Doe #7-#11 & Jane Doe #1 & Paramedic #1) already perceived belief that The Plaintiff was in the wrong.

10. Despite all of The Plaintiff's attempts to avoid the situation The Plaintiff was forcible sent to Jacobi Medical Center where he was confined and imprisoned against his will for the following 21 hours and unfortunately released with a false & fraudulent diagnosis of ***Psychosis*** (*see Exhibit 13*) despite not exhibiting any symptoms to warrant such a diagnosis.

3. After this unfortunate event The Plaintiff felt it was only natural to begin with legal proceedings against all involved parties. After being released The Plaintiff began the notification phase of his legal endeavors and began to file out a formal in-house grievance complaint (*see Exhibit 17*) at the shelter he was staying at due to their possible involvement in The Plaintiff getting confined for the 21 hours instead of 2 hours as prescribed or a few minutes as The Plaintiff was lead to believe. After having his complaints/grievances ignored and only serving the purpose of informing those involved due to a desire to avoid formal litigation The Shelter Staff continued their retaliation campaign against The Plaintiff in what can only be summed up as a complete disregard for The Plaintiff's life.

1. Around the week of ***August 25th - 31st 2019*** in what can only be described, as it seemed at the time and thereafter, as part of their retaliation campaign, the "***supervisory/retention/specialist*** staff" at the shelter held what can only be summarized as a strong-arm intimidation "***sit-down meeting***" with The Plaintiff where they attempted to infer to The Plaintiff that if he wanted to stay at BRC – Reaching New Heights men shelter, located at ***237 Landing Road, The Bronx, New York 10468***, he better stay quiet and let them do as they want. Once The Plaintiff communicated back that he would not be doing such a thing he began to allude to The Plaintiff if he didn't commit himself they would see to it.

2. On August 30th 2019, after the failed intimidation attempt the Shelter Staff began their daily harassment streak early in the morning by switching off the laundry machine after breakfast despite leaving it on all night, coincidentally the same day The Plaintiff had an interview, with the goal of once again annoying The Plaintiff. After attempting to do his laundry and noticing that the laundry machine was off The Plaintiff went downstairs to the reception desk and asked the Staff to turn the laundry machine back on due to him having just seen it on. After waiting an unnecessary amount of time The Plaintiff then went back downstairs to tell the Staff in no uncertain terms that he was frankly done dealing with all their nonsense and he wasn't going to tolerate it anymore nor had been and that they should stop pretending

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

and leave him alone.

3. After that exchange The Plaintiff then went back upstairs and proceeded to unfortunately get ready to shower without doing his laundry when next thing he knew the door to the bathroom began to slowly ajar to which The Plaintiff responded by turning around and staring at the door. After opening the door a bit, a voice would announce themselves as the City of New York Police Department personnel and that they were there because they got a call. The Plaintiff responded by coming out of the bathroom and then was escorted by the City of New York Police Department Officers, Officer John Doe #13-#15 & Officer Jane Doe #2, outside, after grabbing his shirt, and downstairs to the front of the building.

4. Whilst The Plaintiff was in front of the building the Shelter Staff inside would begin making what seemed like monkey antics all while pointing and laughing at The Plaintiff and Defendant's Officers in what seemed like a childish antics to agitate The Plaintiff into acting out in front of the City of New York Police Department Officers John Doe #13-#15 & Jane Doe #3 and hopefully getting killed. While standing outside The Plaintiff and the City of New York Police Department Officers John Doe #13-#15 would hold first a casual conversation about sports and then some small talk. During this time The Plaintiff would ask The Officers what they were doing to which they stated that they had received a call and due to the nature, which they would never devolve, of the call they were taking him to a hospital to which The Plaintiff would visually and verbally object multiple times to, regardless The Officers (Officer John Doe #13-#17 & Jane Doe #2) would state once again due to the nature of the call and internal policies the only option they had was to take him to the hospital. The Plaintiff would go on to object during the wait for the ambulance, during the drive there, and even before being admitted that he was not consenting to nor allowing his forcible confinement to the hospital, this time *North Bronx Medical Center* located at *3424 Kossuth Ave, The Bronx, New York 10467 (see Exhibits 14-15)*.

5. After once again begin forced to undergo an evaluation and once again receiving false diagnoses (*Exhibits 13-16*). This time despite being held only for 2 hours The Plaintiff would go on to receive a diagnosis of *Schizophrenia (see Exhibit 15)*, a completely different mental disorder than the one he received on August 9th 2019 (*see Exhibit 13*), 21 days earlier, which doesn't even share any underline correlation with the first diagnosis of *Psychosis*.

4. After being discharged The Plaintiff returned to the shelter and after having the information on his last discharge papers disclosed by the Staff he refused to even show them the paper to which the Staff responded by once again calling the City of New York Police Department. The Plaintiff ignored them and went upstairs to grab some of his belongings. After the City of New York Police Department (Officer John Doe #19-#22) arrived despite calling them because he wouldn't show them his discharge papers the Staff somehow already knew what The Plaintiff's new diagnosis was and made sure to shout it out loud and clear for the City of New York Police Department Officers to hear when they arrived hoping once again the City of New York Police Department Officers would hurt and/or kill The Plaintiff.

1. Despite once again not displaying any erratic behavior nor anything that would warrant it the City of New York Police Department Officers felt the need to once again side with The Staff and force The Plaintiff to leave, a biased Civil Rights violation.

2. *see allegations point #3

18. Allegations

1. Despite knowing of the fraudulent nature of the SWAT calls and the known nature of it (see *Exhibits 11-12*), The Defendant's personnel would feel the need to send Officers to the location, creating a present danger to everyone there and the public at large and due to the hoax nature of the event The Defendant's Officers would break their one and present duty to maintain public order and safety, while performing conduct unbecoming of an Officer of the

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

City of New York Police Department, while simultaneously endangering The Plaintiff by imprisoning The Plaintiff and attempting to depict him as mentally unstable and a criminal, a racial stereotype.

2.  Despite never displaying any behavior that would warrant The Officers response The Plaintiff would never be believed and instead assumed to be the guilty lying party, a racial stereotype, & despite The Shelter Staff performing monkey antics The Plaintiff would be again falsely imprisoned & labeled with the stigmatization of having a mental disorder concurrently with being exposed to the danger present at a hospital psych ward & being stigmatized with having a mental disorder all from The Defendant's personnel's choice of answering a known SWAT call.

3.  Despite not lying The Plaintiff would always be assumed to be the lying aggressive party, a racial stereotype, & despite there not being a warranted reason for it. The Plaintiff would be provided with false mental diagnoses that would directly result in The Plaintiff getting transferred as part of an elaborate plan to covet his possessions & get him kicked out the New York City Shelter System and possible die in the street or at the hands of the City of New York Police Department (see *Exhibit 37*).

### VII. Damages

19. The Plaintiff is seeking the following compensatory damages:
    1.  Awarding The Plaintiff a total monetary relief of *$310,545:*
        1.  Legal Cost: *127,545*
            1.  Case Research / Prep: *126,720*
            2.  Case Print-Outs: *175*
            3.  Litigation Cost/Fees: *650*
        2.  Compensation: *183,000*
            1.  Hospital Bills: *8,000*
            2.  Hardship Pain & Suffering*: 25,000*
            3.  Loss  Economical Opportunities: *50,000*
                1.  Wages: *25,000*
                2.  Potential: *25,000*
            4.  Hardship, Mental, & Emotional Distress*: 100,000*
    2.  for the following reasons:
        1.  While the notice statute of limitation was still active for this complaint The Plaintiff would spend that year doing everything in his power to inform the proper and adequate channels of all the fictitious & slanderous nature of the events outlined in this and subsequential complaints. Due to the complex nature of this complaint The Plaintiff spent a good amount of time thinking, processing, pseudo-litigating, researching, & enduring through all the byproducts of The Defendant's personnel's acts and/or omissions instead of attending to his life and all the hobbies, activities, & endeavors that's associated with it. The Plaintiff has requested the aforementioned monetary damages due to The Defendant's personnel's actions being directly responsible for said compensatory damages.
            1.  Through the year lost attending to this and following litigations The Plaintiff lost out on *25,000$,* that could have easily been earned through his employment that now is in limbo due directly to aforementioned actions as well as for years to come, at the moment as it stands at 2.
            2.  Through those personnel's choice of forcibly admitting The Plaintiff the

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

> Plaintiff would incur hospital bills, that with interest would amount to the **8,000$** requested when this litigation would be over, if The Plaintiff's math is not off, along with the emotional distress, and it's apparent never ending nature would justify the **100,000$** price tag, incurred due to said admission.
>
> 3. Due to the time spent thinking and analyzing of the events outlined in this and following complaints instead of time that could have been spent on The Plaintiff's securities & equities endeavors and any one of the similar hobbies The Plaintiff's spends his free personnel time on and as well as along the lines of the attorney fees listed on The Court's website, The Plaintiff believes the **126,730$** is a fair adequate price tag for a year spent researching this case, as well as in line with the similar rates a likewise law firm would charge any person that would seeks their help litigating a complaint of this nature, as The Plaintiff would assume in spite of his lack of knowledge as it pertains to attorney fees.
>
> 4. Inline with Court fees, **400$**, and as a possible payment for the United States Marshall for servicing as well as possible asset retrieval The Plaintiff would add the additional **250$**

2. A judgment pursuant to 28 U.S.C. §2201 & §1343 noting that The Defendant's agencies' personnel violated The Plaintiff's Fifth & Fourteenth Amendment & Civil Rights by depriving The Plaintiff of his liberties & livelihood through their actions in blatant willful ignorance and refusal of The Plaintiff's multiple objections and in the face of undoubted concert evidence in The Plaintiff's favor.

3. Possible Statements of Apologies from The Defendant's personnel.

4. Such other reliefs as This Court may deem just and proper.

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

### VIII. Exhibits List

*Exhibit 01*: *New York State 2018 Withheld Taxes Questionnaire (April 12th 2019)**
*Exhibit 02*: May 9th 2019 FOIRs Attempt *(May 31st 2019)**
*Exhibit 03:* Transit Adjudication Bureau False Arrest Judgment*
*Exhibit 04:* Civilian Complaint Review Board Complaint Files (May 9th Arrest)
*Exhibit 05:* Cricket Device Purchase (July 18th 2019)
*Exhibit 06:* Cricket Wireless Bill (August 5th 2019)
*Exhibit 07:* Network Service Refusal Screenshots*
*Exhibit 08:* New York State Attorney General Cricket (Murder Attempt Notice)*
*Exhibit 09:* Stolen Wallet Police Report (July 26th 2019)
*Exhibit 10:* Stolen Adidas Slides (September 16th 2019)
*Exhibit 11:* Records Request – "Identity Refusal" (September 17th 2019)*
*Exhibit 12:* Cricket Wireless 9-11 Sprint Report (August 9th 2019)*
*Exhibit 13:* Jacobi Medical Center Discharge Papers (August 9th 2019)
*Exhibit 14:* North Bronx Admission Tag (August 30th 2019)
*Exhibit 15:* North Bronx Discharge Papers (August 30th 2019)*
*Exhibit 16:* Medical Malpractice Complaints (October 7th 2019)*
*Exhibit 17:* BRC Formal Grievance Form (August 10th 2019)*
*Exhibit 18:* Bronx Office of the Ombudsman Email (August 21st 2019)*
*Exhibit 19:* Bronx Office of the Ombudsman Email Response (August 22nd 2019)*
*Exhibit 20:* Bronx Office of the Ombudsman Email Response (Link)*
*Exhibit 21:* BRC "Psychosocial" Evaluation Forgery Attempt #1 (August 26th 2019)*
*Exhibit 22:* BRC "Psychosocial" Evaluation Forgery Attempt #2 (August 27th 2019)*
*Exhibit 23:* Transfer To Kingsboro (August 27th 2019)*
*Exhibit 24:* BRC Corporate Email (August 28th 2019)*
*Exhibit 25:* Cricket Wireless Store Body-Cam Footage
*Exhibit 26:* Cricket Wireless Store Body-Cam Footage Screenshots
*Exhibit 27:* City of New York (Law Department) FOIR List
*Exhibit 28:* City of New York Police Department FOIR #1
*Exhibit 29:* City of New York Police Department FOIR #2
*Exhibit 30:* City of New York Police Department FOIR #3
*Exhibit 31:* City of New York Police Department FOIR #3 Response
*Exhibit 32:* Office of Comptroller Claim (November 22nd 2019)*
*Exhibit 33:* DHS Rules & Regulations (Client Responsibility)
*Exhibit 34:* DHS Rules & Regulations (What To Expect)
*Exhibit 35:* Department of Homeless Services Racist Paper-Trail (Liability Shift)*
*Exhibit 36:* OTDA Flyer
*Exhibit 37:* Similar Situations*

*Notary*

I, *Yaya Jallow*, swear and affirm that I have read the foregoing packet and know the contents thereof:
that same is true to the best of my own knowledge, except as to the matter here stated to be alleged
upon information, and as to these matters I believe them to be true.

Date:      JAN 2 8 2021

Yaya Jallow • *The Plaintiff, pro se*
yjallow96@outlook.com • (718) 200-5369
#514, 312 Powell Street, Brooklyn, New York 11212

State of New York
County of New York

Sworn to before me this
_28_ day of ____J A N____ 20 21
Benjamin Steinberg

Benjamin Steinberg
Notary Public, State of New York
No. 02ST6042665
Qualified in Bronx County
Commission Expires May 30, 20 22

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

## Exhibits List

*Exhibit 01*: *New York State 2018 Withheld Taxes Questionnaire (April 12th 2019)**
*Exhibit 02*: May 9th 2019 FOIRs Attempt *(May 31st 2019)**
*Exhibit 03*: Transit Adjudication Bureau False Arrest Judgment*
*Exhibit 04:* Civilian Complaint Review Board Complaint Files (May 9th Arrest)
*Exhibit 05:* Cricket Device Purchase (July 18th 2019)
*Exhibit 06:* Cricket Wireless Bill (August 5th 2019)
*Exhibit 07:* Network Service Refusal Screenshots*
*Exhibit 08:* New York State Attorney General Cricket (Murder Attempt Notice)*
*Exhibit 09:* Stolen Wallet Police Report (July 26th 2019)
*Exhibit 10:* Stolen Adidas Slides (September 16th 2019)
*Exhibit 11:* Records Request – "Identity Refusal" (September 17th 2019)*
*Exhibit 12:* Cricket Wireless 9-11 Sprint Report (August 9th 2019)*
*Exhibit 13:* Jacobi Medical Center Discharge Papers (August 9th 2019)
*Exhibit 14:* North Bronx Admission Tag (August 30th 2019)
*Exhibit 15:* North Bronx Discharge Papers (August 30th 2019)*
*Exhibit 16:* Medical Malpractice Complaints (October 7th 2019)*
*Exhibit 17:* BRC Formal Grievance Form (August 10th 2019)*
*Exhibit 18:* Bronx Office of the Ombudsman Email (August 21st 2019)*
*Exhibit 19:* Bronx Office of the Ombudsman Email Response (August 22nd 2019)*
*Exhibit 20:* Bronx Office of the Ombudsman Email Response (Link)*
*Exhibit 21:* BRC "Psychosocial" Evaluation Forgery Attempt #1 (August 26th 2019)*
*Exhibit 22:* BRC "Psychosocial" Evaluation Forgery Attempt #2 (August 27th 2019)*
*Exhibit 23:* Transfer To Kingsboro (August 27th 2019)*
*Exhibit 24:* BRC Corporate Email (August 28th 2019)*
*Exhibit 25:* Cricket Wireless Store Body-Cam Footage
*Exhibit 26:* Cricket Wireless Store Body-Cam Footage Screenshots
*Exhibit 27:* City of New York (Law Department) FOIR List
*Exhibit 28:* City of New York Police Department FOIR #1
*Exhibit 29:* City of New York Police Department FOIR #2
*Exhibit 30:* City of New York Police Department FOIR #3
*Exhibit 31:* City of New York Police Department FOIR #3 Response
*Exhibit 32:* Office of Comptroller Claim (November 22nd 2019)*
*Exhibit 33:* DHS Rules & Regulations (Client Responsibility)
*Exhibit 34:* DHS Rules & Regulations (What To Expect)
*Exhibit 35:* Department of Homeless Services Racist Paper-Trail (Liability Shift)*
*Exhibit 36:* OTDA Flyer
*Exhibit 37:* Similar Situations*

*: notes (3rd to last page)

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 1** – *New York State 2018 Withheld Taxes Questionnaire (April 12th 2019)\**

 **Department of Taxation and Finance**

CPTS Individual Account Resolution
W A Harriman Campus, Albany NY 12227-9935

April 12, 2019

**Case ID:** X-188055070

**DLN:** PH1906468689

**Tax year:** 2018

JALLOW YAYA
107 HARBOR ST
LYNN MA 01902-4447

---

**Se habla español.**
Si usted no habla inglés y no entiende esta carta, comuníquese con un representante
del Departamento de Impuestos al teléfono 518-457-2751.

---

## We need more information about your New York State income tax return.

Before we can complete processing of your tax return for the tax year above, you must send us information about the following amounts claimed on your return.

It is important that you respond. If we do not hear from you, you will not receive the refund you requested.

### Taxes withheld from your wages

To prove the amount of taxes withheld from wages that you may have claimed on your return, send us the following:

**W-2 forms**
W-2 forms (*Wage and Tax Statements*) for each employer that you worked for during the tax year above.

**If you do not have W-2 forms from an employer**
The last paycheck stub you received from that employer in the tax year above.

If you do not have your last paycheck stub, send us at least one paycheck stub from any payroll period during the time you worked for that employer.

**If you do not have W-2 forms or paycheck stubs**
Letter from your employer, on company letterhead, stating:

- how much you earned and how much tax your employer withheld from your pay;
- the name and Social Security number (or other number) your employer used to withhold tax and report your wages; and
- the name, work address, and work phone number of the person responsible for the payroll.

**Joint returns:** If you filed a joint return, you must also provide information for any wages and withholding amounts claimed by your spouse.

*continued on page 2*

DTF-973.56-O (2/19)          1DA3 - 0952800   P0000013-01          **www.tax.ny.gov**

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

PH1906468689

## Taxes withheld from other income

If you had taxes withheld from any other source of income, send us all of the following that apply.

- Form 1099-R, *Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc.*
- Form 1099-MISC, *Miscellaneous Income*
- Form 1099-G, *Certain Government Payments*
- any other form or document to verify tax withheld

## What to do next

- Keep copies of all the items you send. Do not send us your original documents. We are unable to return them.
- In addition to the information described above, be sure to also complete and send us the enclosed Form DTF-973.61, *Response to Inquiry.*

You can send us the information in any of the following ways:

Online: Responding online using your *Online Services* account is the easiest and fastest way to respond. Once you have logged into your account, follow the next steps from the *Account Summary* page:

- Open the *Services* menu by selecting the menu icon in the upper left corner.
- Select *Respond to department notice.*
- Select *Respond to department notice* from the expanded menu.
- From the *Questionnaire* page, select *I received a notice about my refund.*
- Select notice: DTF-973.56-O.
- Enter the DLN: PH1906468689.

If you do not have an *Online Services* account, visit our website to create one.

Fax:   518-435-8430

Mail:   NYS TAX DEPARTMENT
DI UNIT - 973.56 O
W A HARRIMAN CAMPUS
ALBANY NY 12227-9995

If not using U.S. Mail, see Publication 55, *Designated Private Delivery Services.*

We process replies in the order that we receive them. The sooner you respond, the sooner we can complete our review. When we complete our review, we will send you a notice regarding our findings.

If you did not file or authorize the filing of this return, visit the *Report fraud, scams & identity theft* page of our website for instructions on filing Form DTF-275, *Identity Theft Declaration,* as well as information on what to do next.

## Questions?

- Visit our website at www.tax.ny.gov
- Call us at 518-485-6808

**Your rights as a taxpayer**

- For a full explanation of your rights as a taxpayer, go to www.tax.ny.gov/ira/rights.htm.
- No Internet access? Call us at 518-457-3280 and we will mail you a statement of your rights.

**www.tax.ny.gov**

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**NEW YORK STATE | Department of Taxation and Finance**

Office of Processing and Taxpayer Services
W A Harriman Campus, Albany NY  12227-0990

April 12, 2019

**DLN:** PH1908468689

**Tax year:** 2018

**Response to Inquiry**

JALLOW YAYA
107 HARBOR ST
LYNN MA 01902-4447

Use the space below or attach additional pages to provide any additional information regarding our audit inquiry:

If not identified on your return, complete the questions below.

Did you pay someone to prepare your return?     Yes _____   No _____
If Yes, please provide the following:

1. Name of tax preparer  _____

2. Name of tax preparation business  _____

3. Tax preparer's address  _____
   _____

DTF-973.61-O (4/17)                    1DA3 - 0902090   D0000012- 03                    **www.tax.ny.gov**

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

*Exhibit 2 – May 9th 2019 FOIR Attempt (May 31st 2019) ***

[OpenRecords] Request FOIL-2019-056-08323 Closed

˅ Hide message history

**From:** openrecords@records.nyc.gov <openrecords@records.nyc.gov>
**Sent:** Friday, May 31, 2019 7:51 AM
**To:** ya251j@outlook.com <ya251j@outlook.com>
**Subject:** [OpenRecords] Request FOIL-2019-056-08323 Closed

The New York City Police Department (NYPD) has **closed** your FOIL request FOIL-2019-056-08323 for the following reasons:

- In regard to the document(s) which you requested, I must deny access to these records on the basis of Public Officers Law Section 87(2)(b) as such information, if disclosed, would constitute an unwarranted invasion of personal privacy.
- In regard to the document(s) which you requested, I must deny access to these records on the basis of Public Officers Law Section 87(2)(e)(i) as such records/information, if disclosed would interfere with law enforcement investigations or judicial proceedings.
- In regard to the document(s) which you requested, I must deny access to these records on the basis of Public Officers Law section 87(2)(g)(iii) as such records/information are inter-agency or intra-agency materials which are not final agency policy or determinations.

You may appeal the decision to deny access to material that was redacted in part or withheld in entirety by contacting the agency's FOIL Appeals Officer foilappeals@nypd.org within 30 days.

**Request Information:**

**Request Title:** (Violation #116419600) excessive force arrest footage
**Request Description:** On May 9th 2019 at around 6:30 I was involved in an unprovoked use of excessive force arrest by an officer with the badge #30952. I am building a case and require a copy of the officer #30952's body cam footage pertaining to the arrest and detention along with footage of me and the officer's interactions for the 15mins before the altercation

˃ Hide message history

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 3:** *Transit Adjudication Bureau False Arrest Judgment\**

---

**TRANSIT ADJUDICATION BUREAU**      General Inquiry   (347) 643-5805

29 Gallatin Place, 3rd Floor, Brooklyn, New York 11201      Collections      (347) 643-5817

**DEFAULT DECISION AND ORDER**
**Pursuant to N.Y. Public Authorities Law Secs. 1204 (5-a); 1209-a**

DDO RE: 116419600
YAYA JALLOW                                                                06/11/2019
237 LANDING RD
BRONX, NY 10468-5573
|¡¡||¡¡|¡¡|¡¡||¡¡¡¡¡||¡¡¡¡|¡¡|¡|¡¡¡¡||¡¡¡¡¡¡|¡¡|

| AMOUNT DUE IF PAID BY 07/10/2019 | $125.00 | |
| AMOUNT DUE IF PAID BY 08/09/2019 | $150.00 | |
| Violation Number | Violation Issue Date | Original Fine Amount |
| 116419600 | 05/09/2019 | $100.00 |

Your failure to respond in a timely manner to a Notice of Violation issued against you on 05/09/2019 constitutes an admission of liability and a default decision has been entered against you.  The fine and first default penalty of $25.00 have been imposed against you.  If you do not pay the AMOUNT DUE by the due date listed above, then a second default penalty of $25.00 will be imposed against you and a judgment will be filed against you in the Civil Court of the City of New York authorizing the Transit Adjudication Bureau to enforce collection of the amount due (as well as interest and fees) by: (1) assigning your case to a Marshal or Sheriff; (2) garnishing your non-exempt wages and seizing other non-exempt property including real estate and bank accounts; or (3) referring this debt to the New York State Department of Taxation and Finance to offset against any tax refunds, contracts or other State payments to you.

**Warning: To avoid the entry of a judgment against you in the Civil Court of the City of New York, you must pay the total amount due by the due date shown above. If you fail to pay, you will be liable for interest accrued after the second default penalty is applied.**

**MAKE PAYMENT IMMEDIATELY USING ONE OF THE FOLLOWING OPTIONS:**
- **Pay Online:** You may pay your violation online using a credit card, debit card or electronic check at http://www.mta.info/nyct/TransitAdjudicationBureau.html.
- **Pay by MoneyGram:** Receive Code: 12728
- **Pay by Phone:** (347) 643-5805 and follow the instructions.
  **Note: A convenience fee will be added for Online Payments, Pay by Phone and MoneyGram. Your violation number is required for these payment methods.**
- **To pay by mail:** Follow the instructions below and enclose the payment coupon with your payment.
- **Pay in person** at the above address. Cash, checks, money orders and credit card payments are accepted.
  **BY MAKING FULL OR PARTIAL PAYMENT YOU ARE ADMITTING LIABILITY FOR THE FINE AND PENALTIES AND GIVING UP YOUR RIGHT TO A HEARING.**

**TO REQUEST A STAY OF DEFAULT**
- Appear at the above address between 8:30AM – 2:30PM, Monday through Friday.
- **You must be prepared to establish a good reason for your failure to respond as previously directed.**
- Bring this notice, your yellow copy of the violation, all documents and any witnesses to support your claim. You may bring an attorney or an adult to represent you.

**Warning: All collection and enforcement proceedings will continue pending a determination of your request, including the imposition of additional penalties, interest, and fees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PAYMENT COUPON**
- Mail a check or money order payable to TRANSIT ADJUDICATION BUREAU.  DO NOT MAIL CASH! Write the violation number on the check or money order.
- Insert this tear-off payment coupon in the enclosed envelope and mail.

*Rev. 12/18*      Violation Number: 116419600      Payment Amount Enclosed:

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

 New York City Transit

**REQUEST TO STAY ENTRY OF DEFAULT JUDGMENT**
TRANSIT ADJUDICATION BUREAU
NEW YORK CITY TRANSIT AUTHORITY
29 GALLATIN PLACE, 3RD FLOOR
BROOKLYN, NEW YORK 11201
(347) 643-5805

Respondent Copy

| | |
|---|---|
| Violation #:   **116419600** | Date of Request:   06/13/2019 |
| New York City Transit Authority | |
| v. | |
| YAYA JALLOW | Request Denied |
| 237 LANDING ROAD | |
| BRONX          NY   10468 | |



**Hearing Officer's Determination:**

The respondent has failed to establish good cause to warrant a stay of entry of his/her default judgment because:

The Notice of Violation alleged that on 5/9/2019 at 6:38 PM at the Fordham "4" train station " Resp[ondent] was observed enter via jumping over turnstile avoiding lawful payment of fare w/o permission/authority."  I find the NOV establishes a prima facie case. Pursuant to the NOV, a hearing was scheduled for 6/10/2019.  When the respondent failed to answer the NOV on or before the hearing date, the respondent no longer had the right to have a hearing on the merits of the charge for which the NOV was issued. Pursuant to the warning on the NOV, it was deemed that an admission to the charge had been made and the mandatory fine was imposed with an additional default penalty.  TAB Mailed a first notice of Default to the respondent at the address on the NOV.

Respondent appears in person and testifies that he did not appear on or before the hearing date, because shortly after this NOV was issued he received criminal summons for theft of services.  His lawyer as well as the Judge stated to him that he could take care of both tickets on June 13, 2019 at criminal court.  Today respondent went to criminal court to deal with both these tickets and it was there that his lawyer told him he had to go to TAB to deal with this NOV.  He states he relied in good faith on his attorney's representation that he only needed to attend criminal court to deal with both tickets on June 13, 2019.  He further states he came in today to pay the 100.00 fine, but feels it is very unjust and unprincipled to impose a 25.00 dollar default penalty when he simply did as he was told by his lawyer. The respondent is in the process of ordering the minutes to support that he relied on the incorrect statements made by both the Judge and his Attorney.

Based on the foregoing, I find that respondent does not establish a legally justifiable excuse for failing to respond to the NOV in a timely manner.   I find that respondent was served with the NOV that indicated the hearing date and the instructions for how to respond, including how to appear in person or by mail or how to reschedule the hearing date.  Therefore, I do not find good cause to stay entry of the default judgement.

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**TRANSIT ADJUDICATION BUREAU**
**New York City Transit Authority**
Metropolitan Transportation Authority

29 Gallatin Place, 3rd Floor
Brooklyn, New York 11201
Telephone: 347-643-5817

> ATT 116419600
> Yaya Jallow
> 237 Landing Rd
> Bronx, NY 10468-5573

July 26, 2019

Dear Mr. Jallow,

**A JUDGMENT HAS BEEN FILED AGAINST YOU** IN THE SUPREME COURT, KINGS COUNTY FOR THE TRANSIT SUMMONS YOU RECEIVED ON 05/09/2019.

If you do not pay this judgment, your case will be sent to the **NYC SHERIFF** and/or **NYC Marshal** who may begin one or more of the following actions in order to satisfy your debt: GARNISH your wages, SEIZE your bank account, SEIZE AND SELL your non exempt personal property, or ENFORCE the judgment against any real estate that you may own or have an interest in. You will have to pay additional fees and annual interest of 9% will be added to what you owe.

Failure to pay may result in your ARREST for any future violations committed in or on the Transit Authority or MTA Bus Company facilities. Also, you may be BARRED from obtaining NYC employment, entering military service, or obtaining credit. Further, as a New York State agency, the Transit Authority, after providing you with proper notice, is authorized to certify that your debt should be offset against any tax refunds, contracts, or State payments due you.

Make payment **IMMEDIATELY** using one of the following options:
- **Pay Online:** You may pay your violation online using a credit card, debit card or electronic check at http://www.mta.info/nyct/TransitAdjudicationBureau.html.
- **Pay by MoneyGram:** Receive Code: 12728
- **Pay by Phone:** (347) 643-5805 and follow the instructions.
  **Note: A convenience fee will be added for Online Payments, Pay by Phone and MoneyGram. Your violation number is required for these payment methods.**
- **Pay by Mail:** Mail a check or money order payable to TRANSIT ADJUDICATION BUREAU. DO NOT MAIL CASH! Write the violation number on the check or money order.
- **Pay in person** at the above address. Cash, checks, money orders and credit card payments are accepted.

The information you need is as follows:

> VIOLATION NUMBER: 116419600
> TOTAL AMOUNT DUE: $150.00

If you have any questions, call 347-643-5817 and a collection representative will assist you.

Very truly yours,

M. Maloney
*Attorney*
Transit Adjudication Bureau

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 4:** *Civilian Complaint Review Board Complaint Files (May 9th Arrest)*

*CCRB*
*Mar 13, 2020*

## Complaint Report (CV)

| | | | |
|---|---|---|---|
| **CCRB Case No :** | 201904033 | **C/V Report Date :** | Fri, 05/10/2019 11:50 AM |
| **Complaint Type :** | CCRB | **Investigator :** | Laura Strauss |
| **Complaint Made At :** | CCRB | **Ref. No** | |
| **Received Date (CCRB) :** | Fri, 05/10/2019  11:50 AM | **Mode :** | Phone |
| **Incident Date(s) :** | Thu, 05/09/2019  6:38 PM | | |
| **Place of Occurrence:** | Fordham Road 4 subway station | **Precinct:** | 52 |
| **Location :** | Subway station/train | **Boro:** | Bronx |

### Civilian Details

| | | | |
|---|---|---|---|
| **Name:** | Yaya Jallow | **Type:** | Comp/Victim |
| **Address:** | 257 Landing Road  Bronx NY  10468 USA | | |
| **Contacts:** | **Phone(Home):** | **Phone(Mobile):** (718)-200-5369 | |
| | **Phone(Work):** | **Phone(Other):** | |
| | **Email:** ya253j@outlook.com | | |
| **Gender:** | Male | **Ethnicity:** | Black |
| **Person Assisting:** | | **Date of Birth:** | 04/05/1996 |

### Allegations

| Allegations/Board Dispositions | Officer | Rank |
|---|---|---|
| Interference with recording - (A) **Substantiated (Formalized Training)** | Railyng Frias | POM |
| Physical force - (pushed/shoved/threw) - (F) **Exonerated** | Railyng Frias | POM |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



**CIVILIAN COMPLAINT REVIEW BOARD**
100 CHURCH STREET 10th FLOOR
NEW YORK, NEW YORK 10007 • TELEPHONE (212) 912-7235
www.nyc.gov/ccrb

BILL DE BLASIO
MAYOR

FREDERICK DAVIE
CHAIR

January 15, 2020

Mr. Yaya Jallow
237 Landing Road
Bronx, NY 10468

Re: CCRB case number 201904033

Dear Mr. Jallow:

Following a thorough and impartial investigation by the Civilian Complaint Review Board's investigative staff, the Board reviewed the evidence regarding the above-referenced complaint. I am now writing to inform you of the Board's findings on the allegation(s) raised by this complaint.

Allegation(s) by letter:                              Board Finding(s):

A)  Abuse of Authority:                               Substantiated (Formalized Training)
    Police Officer Raibyng Frias interfered with
    Yaya Jallow's use of a recording device.

B)  Force:                                            Exonerated
    Police Officer Raibyng Frias used physical
    force against Yaya Jallow.

For an explanation of Board findings, please refer to the enclosed form, which details what each finding means.

In this case, the Board also substantiated one or more allegations raised by the complaint. Under New York City law, the Civilian Complaint Review Board has the authority to investigate certain types of complaints against police officers, make findings of fact, and forward its recommendations to the Police Commissioner. Only the Police Commissioner has the authority to actually impose discipline against a police officer. Consequently, the CCRB is forwarding this case to the Police Commissioner and the Department Advocate's Office of the New York City Police Department, which is responsible for prosecuting administrative charges against police officers. Please be aware that in certain cases police officers are entitled by law to an administrative hearing before the Department can impose disciplinary penalties; in such a case you may be asked by the Department Advocate's Office to testify at an administrative proceeding.

The integrity and quality of the Police Department's service to the public depends, in large part, upon receiving information regarding the performance of police officers as they carry out their duties. The Civilian Complaint Review Board appreciates your willingness to participate in this extremely important process.

Sincerely,



Jonathan Darche
Executive Director

Enclosure

If you have any questions about the current status of your case, please contact the CCRB at (212) 912-7235.

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

*November 20, 2019*

## CCRB Case Search Results: Civilian Search

CVW Last Name: jal%                          CVW E-mail:

CVW First Name: yaya%                        CVW DOB:

CVW Phone:

| Complaint Id | Incident Date | CVW Name | CVW Type | FADO | Occurrence Place |
|---|---|---|---|---|---|
| 201908599 | 09/28/2019 | Jallow, Yaya | Comp/Victim | -A - - | 71st Precinct Stationhouse |
| 201908568 | 08/30/2019 | Jallow, Yaya | Comp/Victim | -A - - | 237 Landing Road |
| 201908042 | 08/09/2019 | Jallow, Yaya | Comp/Victim | -A - - | 327 East Fordham Road |
| 201904033 | 05/09/2019 | Jallow, Yaya | Comp/Victim | FA - - | Fordham Road 4 subway station |

Family and/or other contacts (individuals who know where witness is and can contact witness)

Name: ~~Fafa~~ Cassama Cessay

Address: _____

Telephone numbers: 678-357-1665

Relationship: mother

Name: _____
Address: _____
Telephone numbers: _____
Relationship: _____

Name: _____
Address: _____
Telephone numbers: _____
Relationship: _____

Attorney

Name: Kissa Broadie – Legal Aid Bronx

Address: _____

Telephone (and pager if applicable): 718-579-3081

Future plans (job/vacation/residence change within next 6 months-1 year)

_____
_____
_____
_____

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

## CONFIDENTIAL WITNESS INFORMATION SHEET

Personal
Name: Yaya Jallow
Home address: 237 Landing Rd
Bronx 10458

Home telephone (cell phone and/or pager if applicable): 718-200-5369
How long at current address: Shelter
D.O.B.: 4/5/96 Sex: M Race: BK Height: 5'7" Weight: 130 Hair: BLK Eyes: Brown
Driver's License No.:
Email address: ya251j@outlook.com

Employment
Position: Line Cook
Employer: Chuko
Employment address: NY, NY

How long at this employer:
Work hours: Just Started
Work telephone:
Supervisor's name:
Supervisor's telephone:

School
School attended (include address):
Current year in school (also include years attended):

Officer Business Card
Officer business card received? No.
Officer(s) name(s) and shield(s)

Injuries and/or treatment
Extent of injuries (and note observable marks, scars, etc.):
EMS/ambulance treatment (date, approx. time, location, and description of treatment):
Chest pain — then subsided

Hospital (include name of hospital, whether admitted or treated and released, date[s] of treatment, patient no., and description of treatment):
No.

Private doctor (include name, address, telephone, date[s] of treatment, and description of treatment):

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



Photograph of Yaya Jallow's identification taken by Inv. Strauss at the CCRB on 5/13/19.

CCRB #201904033

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



Mr. Jallow's summons, provided by Mr. Jallow via email to Inv. Strauss on 5/13/19
CCRB #201903965

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



**CIVILIAN COMPLAINT REVIEW BOARD**
100 CHURCH STREET 10th FLOOR
NEW YORK, NEW YORK 10007 ♦ TELEPHONE (212) 912-7235
www.nyc.gov/ccrb



BILL DE BLASIO
MAYOR

FREDERICK DAVIE
CHAIR

## VERIFICATION FORM

STATE OF NEW YORK:

§

COUNTY OF NEW YORK:

I, YAYA JALLOW , being duly sworn, depose and say: I am a witness in connection with Civilian Complaint Review Board case number 201904033 ; any and all statements I have made in connection therewith are true to my knowledge.

Signature

Sworn to before me on the

13 day of May , 2019

Commissioner of Deeds

LAURA STRAUSS
Commissioner of Deeds
City of New York No. 2-16276
Certificate Filed in New York County
Commission Expires 2/1/2021

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

Page 1 of 1

 

## NEW YORK CITY POLICE DEPARTMENT

### *Mugshot Pedigree*



| | |
|---|---|
| NAME: | **JALLOW YAYA** |
| SYSTPD: | **146619036J** |
| Arrest #: | **B19619932** |
| Arrest Date: | **05-09-2019** |
| Top Charge: | **PL 140.10A: CRIM TRESPASS 3RD:ENCLSD PROP** |
| Date of Birth: | **04-05-1996** |
| Age at Offense: | **23** |
| Social Security #: | **0** |
| Pct of Arrest: | **052 PRECINCT** |
| Source: | **LIVE** |

### PHYSICAL DESCRIPTION



| | |
|---|---|
| Race: | **BLACK** |
| SEX: | **MALE** |
| Height: | **507** |
| Weight: | **130** |
| Hair Length: | **SHORT** |
| Hair Color: | **BLACK** |
| Hair Type: | **CLOSE CUT** |
| Complexion: | **CLEAR** |
| Eye Color: | **BLACK** |

Scars, Marks, Tatoos:
Desc:
Location:
Body Side:

Alias 1:
Alias 2:
Alias 3:
Alias 4:

5/21/2019

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

ARREST Report - B19619932                                                    Page 1 of 3

| **New York City Police Department** |
|:---:|
| **Omniform System - Arrests** |

| **RECORD STATUS: NYSID ENTERED** | **Arrest ID:** B19619932 - N |
|---|---|
| **Arrest Location:** NORTH EAST CORNER JEROME AVENUE & EAST FORDHAM ROAD | **Pct:** 052 |

**Arrest Date:** 05-09-2019    Processing Type: ON LINE    Current Location of Perpetrator:

**Time:** 18:45:00    DCJS Fax Number: BO018827    Borough: Bronx

Sector: B    Special Event Code: NO -    Type: ALL PD LOCATIONS

Strip Search Conducted: NO    DAT Number: 0    Location: TRANSIT DISTRICT 11

Viper Initiated Arrest: NO

Stop And Frisk: NO    Return Date: 0000-00-00

Serial #: 0000-000-00000

**ARREST DATA - COMPLAINT NOT REQUIRED**

Jurisdiction: TAPD    NYC School Safety Data:    NYC Transit Data:

Premises: TRANSIT - NYC SUBWAY    On School Property    Station

Location Within: LOBBY / DOORWAY / VESTIBULE    School Type:    Line #:

Occur Date/Time: 2019-05-09 - 18:45    School Num:    Location:

NYC Housing Development:    School Name:

Offense Location: NORTH EAST CORNER JEROME AVENUE & EAST FORDHAM ROAD    Borough: BRONX

| **CHARGES:** | **Arrest #: B19619932** |
|---|---|

**CHARGE ATTEMPT?  LAW CODE  CLASS TYPE COUNTS DESCRIPTION**
TOP    No    PL 140.10 0A  M    B    1 CRM TRESPASS 3RD:ENCLSD PROP

| How Arrest came about | | # Injuries: 00 | # Fatalities: 00 | Test Given: | | Reason Vehicle Not Forfeit: | |
|---|---|---|---|---|---|---|---|
| Blood Specimen Taken: | Blood Specimen Refused: | Urine Specimen Taken: | Urine Specimen Refused: | Oral Fluid Specimen Taken: | Oral Fluid Specimen Refused: | Breath Sample Refused: | Breath Sample Reading: | BrAC: 0.0 |
| Role: IDTU Technician | Department: NYPD | Tax: 0 | Command: | Shield: 0 | Rank: | Last Name: | First Name: | MI: | IDTU/Blood Case No: |
| Role: Point Person | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |
| Role: Supv in Charge of Checkpoint | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |

| **DETAILS:** | **Arrest #: B19619932** |
|---|---|

AT T/P/O DEFT WAS ISSUED A TAB SUMM #118419600 FOR THEFT OF SERVICE AT THE FORDHAM 04 TRAIN STATION AND ASKED TO LEAVE THE STATION. DEFT REFUSED TO LEAVE AFTER BEING TOLD SEVERAL TIMES.

**DEFENDANT; JALLOW, YAYA**    NYSID #: 14661036J    Arrest #: B19619932

Nick/AKA/Maiden:    Height: 5FT 7IN    Order Of Protection: NO

Sex: MALE    Weight: 130    Issuing Court:

Race: BLACK    Eye Color: BLACK    Docket #:

Age: 23    Hair Color: BLACK    Expiration Date:

Date Of Birth: 04/08/1996    Hair Length: SHORT    Relation to Victim: STRANGER

U.S. Citizen: YES    Hair Style: CLOSE CUT    Living together: NO

Place Of Birth:    Skin Tone: DARK    Can be Identified: YES

Is this person not Proficient in English?: NO    Complexion: CLEAR

5/10/2019

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 5:** *Cricket Device Purchase (July 18th 2019)*

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 6:*** *Cricket Wireless Bill (August 5th 2019)*

cricket

**cricket**

Shop ⌄   My Account ⌄   Support ⌄   **Why Cricket?** ⌄   Coverage

Account Summary   Payments   Billing History   Usage   Plans & Services   Account Settings

## Billing
Here's what you paid and when

**Transaction History**

View up to 12 months of account activity.

Note: Transactions made after your last billing cycle ended will not appear until the end of
your current billing cycle.
Scheduled plan and feature changes will not appear below until your next billing cycle.

Date Range:

08/09/19 - 09/02/19

**08/09/2019**
Anytime Minutes National Only                        $55.00
(718) 200-5369                                   Balance: $55.00

**08/09/2019**
Additional Voice Feature                             $10.00
(718) 200-5369                                   Balance: $65.00

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 7:** *Network Service Refusal Screenshots* *



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 8:** *New York State Attorney General Cricket Notice (Murder Attempt Notice)* \*

### OFFICE OF THE ATTORNEY GENERAL LETITIA JAMES
### STATE OF NEW YORK DEPARTMENT OF LAW



BUREAU OF CONSUMER FRAUDS AND PROTECTION
28 Liberty Street
New York, NY 10005
Tel: (212)416-8300 | Fax (212)416-8797

Consumer Hotline
(800)771-7755
TDD (800)788-9898
http://www.ag.ny.gov

| | |
|---|---|
| Intake Id | 1-91295252 |
| **Complaint Bureau** | |
| Bureau Where You Filed Your Complaint | NYC |
| **Your Information** | |
| Salutation | |
| First Name | Yaya |
| Last Name | Jallow |
| Your Business/Organization Name | |
| Street Address | 681 Albany Ave |
| Address Line 2 | |
| City/Town | Brooklyn |
| State/Province | NY |
| County | KING |
| Zip/Postal Code | 11203 |
| Country | US |
| Email Address | yayajallow75@hotmail.com |
| Phone Number | 718-200-5369 |
| Alternate Phone Number | |
| Gender | M |
| **Subject of Your Complaint** | |
| Are you complaining about a person or a company? | COMPANY |
| Business Name | Cellpro Inc |
| Street Address | 836 Dekalb Ave |
| Address Line 2 | |
| City/Town | Brooklyn |
| State/Province | NY |
| Zip/Postal Code | 11221 |
| Email Address | mycricketny@gmail.com |
| Phone Number | 718-453-1300 |
| Website | |
| **Additional Subject of Your Complaint** | |
| Are you complaining about a person or a company? | COMPANY |
| Business Name | Harty LLC |
| Street Address | 327 E Fordham Rd |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

| | |
|---|---|
| Address Line 2 | |
| City/Town | The Bronx |
| State/Province | NY |
| Zip/Postal Code | 10458 |
| Email Address | cricket4213@yahoo.com |
| Phone Number | 716-846-5821 |
| Website | |

**Additional Subject of Your Complaint**

| | |
|---|---|
| Are you complaining about a person or a company? | COMPANY |
| Business Name | KNK CT Inc |
| Street Address | 137 Hester St |
| Address Line 2 | |
| City/Town | New York |
| State/Province | NY |
| Zip/Postal Code | 10002 |
| Email Address | xingxinguo@hotmail.com |
| Phone Number | 917-751-3283 |
| Website | |

**Additional Subject of Your Complaint**

| | |
|---|---|
| Are you complaining about a person or a company? | COMPANY |
| Business Name | Cricket Wireless |
| Street Address | 111 8th Ave |
| Address Line 2 | |
| City/Town | New York |
| State/Province | NY |
| Zip/Postal Code | 10011 |
| Email Address | |
| Phone Number | |
| Website | cricketwireless.com |

**Additional Complaint Information**

| | |
|---|---|
| Location of Incident/Transaction | 836 Dekalb Ave, Brooklyn; 527 E Fordham Rd, The Bronx; 137 Hester St, NY |
| Date of Incident/Transaction | 2019-07-09 |
| Name of Product or Service | Cricket Wireless Phone Service - LG Haroney Phone |
| Cost of Product or Service | 223.44 |
| Method of Payment | CASH |
| Complaint Description | |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

On July 5th 2019 I paid my phone bill at the Cellpro Inc location, a 55$ phone service plan with 10$ for a mobile hot-spot feature, where the store employee attempted to over-charge me by 10$. The 10$ was credited to my account so on August 5th 2019 when i paid my phone bill, at the Harty LLC location. i believed the 10$ had been applied only later on when i attempted to use my mobile hot-spot feature did i learn they had maliciously downgraded my phone plan. On July 18th 2019 i returned to Cellpro Inc to obtain a new phone only to have the employee price gouge me by charge me 150$ instead of the around 80$ that was displayed in-store. Less than a week later i came to discover they had sold me a defect model and a) though i attempted to return the phone with the week, according to their return policy, they refused. Around August 31st - September 1st I attempted to go to the KNX CT Inc location to buy a new phone only to have them price gouge again this time attempting to charge me 150$, in what i believe was a childish reference to the previous interaction with Cellpro Inc location. for a 70$ almost double the price. They claimed all times that taxes brought the price up even though it would have never been anywhere close.

| | |
|---|---|
| Did you sign a contract? | N |
| Was product or service advertised? | Y |
| Where? | In Store |
| When? | 2019-07-09 |
| Have you already complained to company/individual? | Y |
| How? | IN PERSON |
| Complaint Date | 2019-07-11 |
| Person contacted | Store Employee |
| Job title | Store Employee |
| Nature of response | Brushed Off |
| Date of response | 2019-07-11 |
| Has matter been submitted to another agency or attorney? | N |
| Is court action pending? | N |
| What form of relief are you seeking, e.g., refund, credit, exchange, repair? | |
| refund and/or repair | |
| Manufacturer of Product | LG |
| Street Address | Unknown |
| City/Town | Unknown |
| State/Town | |
| Zip/Postal Code | XXXXX |
| Product Model or Serial Number | 904CQJZ112436 |
| Warranty Expiration Date | |
| Did Business Arrange Financing? | N |

**Uploaded Documents**

| | |
|---|---|
| User Uploaded Document Names | cellpro inc july 9th bill payment over-charge.png |
| | cellpro inc july 18th phone (defect) over-charge.png |
| | harty llc august 5th bill payment over-charge - services not rendered (again).png |

In filing this complaint, I understand that:

The Attorney General is not any private attorney, but represents the public in enforcing laws designed to protect the public from misleading or unlawful business practices. My filing this complaint does not mean that the Attorney General has initiated a lawsuit or proceeding on my behalf or that it will do so.

The Attorney General cannot give me legal advice or represent me in court. If I have any questions concerning my legal rights or responsibilities, I should contact a private attorney.

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

In order to resolve my complaint, the Attorney General may send a copy of my complaint and any documents I provide to the person or business about whom I am complaining and I authorize that person or business to release information concerning my complaint to the Attorney General.

The Attorney General works with other state, local and federal government agencies to investigate complaints and coordinate law enforcement and may also share my complaint with them. In addition, the Attorney General may use information from my complaint in legal proceedings to establish violations of law.

Any false statement made in this complaint are punishable as crimes, including under Section 175 and/or Section 210 of the Penal Law.

**Signature**                          Yaya Jallow

**Date of Affirmation**                09-12-2019

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 9:** *Stolen Wallet Police Report (July 26th 2019)*

## New York City Police Department
### Omniform System - Complaints

| Report Cmd: 384 | Jurisdiction: N.Y. TRANSIT POLICE | ICAD#: | Record Status: Final, No Arrests | Complaint #: 2019-030-002816 | No Other Legacy Blue Versions | No Other Complaint Revisions |
|---|---|---|---|---|---|---|

| Occurrence Location: **NORTH EAST CORNER SAINT NICHOLAS AVENUE & WEST 145 STREET** | NYC Parks Dept. Property | Precinct: 030 Sector: B Beat: Post: |
|---|---|---|
| Name Of Premise: MTA FACILITY | Did this offence occur on NYC Parks Dept. NO Property? | |
| Premises Type: TRANSIT - NYC SUBWAY | | |
| Location Within Premise: OTHER 8/B PLATFORM | Command: NYC Parks Dept. Property Name: | |
| Visible By Patrol?: YES | | |

| Occurrence From: 2019-07-26 09:30 FRIDAY | Aided #: Accident #: O.C.C.B. #: |
|---|---|
| Occurrence thru: 2019-07-26     10:00 | |
| Reported: 2019-08-01     17:07 | |
| Complaint Received: WALK- N | |

| Classification: **LOST PROP CREDT CARD** | Case Status: **CLOSED** |
|---|---|
| Attempted/Completed: COMPLETED | Unit Referred To: |
| Most Serious Offense is: INVESTIGATION | Clearance Code: PATROL |
| PD Code: 057  LOST PROPERTY,CREDIT CARD | Log/Case #: 0 |
| PL Section: ? | Clearance Arrest id: |
| Keycode: 888  INVESTIGATIONS/COMPLAINTS ONLY | Clearance AO Cmd: |
| | File #: 48 |
| | Prints Requested? NO |

| Is This Related to Stop And Frisk Report NO | SQF Number: 0000-000-00000 | Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO |
|---|---|---|---|
| Gang Related? NO | Detective Borough Wheel Log #: | Name Of Gang: | Child Abuse Suspected? NO |
| DIR Required? NO | | Child in Common? NO | Intimate Relationship? NO | Officer Body Worn Camera: NO |

| If Burglary: | Alarm: | If Arson: | Taxi Robbery: |
|---|---|---|---|
| Forced Entry? | Bypassed? | Structure: | Partition Present: |
| Structure: | Comp Responded?: | Occupied?: | Amber Stress Light Activated: |
| Entry Method: | Company Name/Phone: | Damage by: | Method of Conveyance: |
| Entry Location: | -- | | Location of Pickup: |
| | Crime Prevention Survey Requested?: | | |
| | Complaint/Reporter Present?: | | |

| Supervisor On Scene - Rank / Name / Command : | Canvas Conducted: NO | Translator(if used): |
|---|---|---|

**NARRATIVE:**
AT TPO CV STATES BOARDED SB 4 TRAIN AT FORDHAM RD STATION AND TRANSFERRED AT 161 ST TO SB D TRAIN AND DE TRAINED AT 145 STREET STATION WHERE HE NOTICED HE LOST HIS WALLET. CV WAS NOT SHOVED AND WAS NOT A VICTIM OF A CRIME. NO USAGE ON ANY BANK CARDS AND ALL WERE CANCELLED.

| **N.Y.C. TRANSIT SUBWAY SYSTEM:** | | | | Complaint # 2019-030-002915 |
|---|---|---|---|---|
| Station Of Occurrence: 145 STREET | Line (# Or Letter): D | Transit Post #: D337 | Transit District: 03 | Spint #: |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

| Victim's Time And Station Of Entry Into Transit System: 08:30 FORDHAM RD 4 LINE | Metro Card Lost/Stolen: | Metro Card Type: | | Metro Card Serial #: |
|---|---|---|---|---|
| Location within Station: 3/B PLATFORM | Location on Train: | Car #: | | Booth #: N16 |

| Total Victims: 1 | Total Witnesses: 0 | Total/ Reporters: 0 | Total Wanted: 0 |
|---|---|---|---|

| *VICTIM: # 1 of 1* | Name: JALLOW,YAYA | Complaint#: 2019-030-002915 |
|---|---|---|

| | Name/AKA/Maiden: | | Gang/Crew Affiliation: NO | |
|---|---|---|---|---|
| | UMOS: NO | | Name: | |
| | Sex/Type: MALE | | Identifiers: | |
| | Race: UNKNOWN | | | |
| | Age: 23 | | | |
| | Date Of Birth: ____ 1996 | | Will View Photo: NO | |
| | Disabled? NO | | Will Prosecute: NO | |
| | Is this person not Proficient in English? NO | | Notified Of Crime Victim Comp. Law: NO | |
| | If Yes, Indicate Language: | | | |
| | N.Y.C.H.A Resident? NO | | | |
| | Is Victim fearful for their safety / life? NO | | | |
| | Escalating violence / abuse by suspect? NO | | | |
| | Were prior D/R's prepared for C/V? NO | | | |

| LOCATION | ADDRESS | CITY | STATE/COUNTRY ZIP | APT/ROOM |
|---|---|---|---|---|
| HOME-PERMANENT | | | | |

Phone #: HOME: Not Provided/Unavailable CELL: BUSINESS: Not Provided/Unavailable BEEPER: Not Provided/Unavailable E-MAIL:

| Action against Victim: | Actions Of Victim Prior To Incident: ABOARD 3B D TRAIN |
|---|---|
| Victim Of Similar Incident: NO | If Yes, When And Where |

| PROPERTY: | Complaint #2019-030-002915 | Lost/Stolen/Found: LOST |
|---|---|---|

| Item | Property Category: | Owner Identification Num: | Qty | Description: | Serial # | Property Type | $ Stolen | $ Recovered |
|---|---|---|---|---|---|---|---|---|
| 1. | PERSONAL | NONE | 1. | TIMBERLAND BRAND WALLET | | MISCELLANEOUS | 90. | 0. |
| 2. | PERSONAL | NONE | 1. | MASS IDENTIFICATION | | MISCELLANEOUS | 0. | 0. |
| 3. | PERSONAL | NONE | 1. | BANK DEBIT CARD2 | | MISCELLANEOUS | 0. | 0. |
| 4. | PERSONAL | NONE | 1. | CREDIT CARD WELLS FARGO | | MISCELLANEOUS | 0. | 0. |
| 5. | PERSONAL | NONE | 1. | 50 DOLLAR BILL USD | | CURRENCY | 50. | 0. |

TOTAL VALUES: LOST $ 150. RECOVERED $ 0.

| EVIDENCE: | | | | Complaint # 2019-030-002915 | |
|---|---|---|---|---|---|
| Evidence Collected?: NO | Evidence Collection Team/Crime Scene Requested?: NO | ECT Responded?: NO | ECT Run#: | Crime Scene Responded?: NO | Crime Scene Number: - |

Evidence Invoice #

## No IMEI Data for Complaint # 2019-030-002915

| Reporting/Investigating M.O.S. Name: POM CACERES BOBBY | Tax #: 984414 | Command: TD DT11 | Rep.Agency: NYPD |
|---|---|---|---|
| Supervisor Approving Name: SGT SALCEDO RENE | Tax #: 933316 | Command: TD DT11 | Rep.Agency: NYPD |
| Complaint Report Entered By: POM CACERES | Tax #: 984414 | Command: TD DT11 | Rep.Agency: NYPD |
| Signoff Supervisor Name: SGT WONG | Tax #: 940896 | Command: TD DT03 | Rep.Agency: NYPD |

| END OF COMPLAINT REPORT # 2019-030-002915 |
|---|

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 10:** *Stolen Adidas Slides (September 16th 2019)*

**INCIDENT INFORMATION SLIP**
PD 301-164 (Rev. 3-98) Post (RMU)

Date: 09/16/19

Welcome to 67 precinct 52 PCT

(Command)

We hope that you business with us was handled satisfactorily. Your particular matter has been assigned the following number(s)

Complaint Report No.: 2019-052-008989   Accident Report No. _____   Aided Report No. _____

Reported to: _____   (Rank)   (Name)   (Shield No.)   Date of Occurrence: _____   Time: _____

Location of Occurrence: 5515 Webster Ave, Bronx, NY

Crime: _____

Address: 2460 Shiver Avenue, Brooklyn, NY 11236

(718) 247-3211
(Telephone No.)

Please keep this report should you have to refer to this matter in the future. If you need any further assistance feel free to contact us at telephone number (718) 247-5734. Please let us know if you have any suggestions on how we can better serve you. As you may already know, we will provide you with a crime prevention survey of your residence or business.

718-220-5811

Please ask for more information on this and other crime prevention initiatives. Our goal is to make you and your property safe.

**COURTESY   PROFESSIONALISM   RESPECT**

REMEMBER - CALL "911" FOR EMERGENCIES ONLY!!!!

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 11:*** *Records Request - "Lack of Proof of Identity" (September 17th 2019)*

**Your myPatientEncounters Request Response**

↩

⤷

Ⓗ HealthEMS <no-reply@sansio.com>
Tue 9/17/2019 3:12 PM
You

You forwarded this message on Fri 1/24/2020 9:44 AM

⚑ Flag for follow up.

⤺ ⤻ ↓ ⋯

Your request has been denied. PATIENT: YAYA JALLOW Please be advised after a diligent search of our Pre-hospital Care Report database we are unable to fulfill your record request for the following reason/s: The patient did not include a valid proof of identity in the request. One (1) of the following forms of valid photo-ID is acceptable: • Driver license • New York State or City issued non-driver photo-ID card • Passport • U.S. Military issued photo-ID Thank you for using myPatientEncounters.

https://fdny.healthems.com

Login - HealthEMS

Unsupported Browser. The browser you are using may not support all features in the HealthEMS application. To take advantage of all features, please upgrade to a more ...

fdny.healthems.com

[CONFIDENTIALITY AND PRIVACY NOTICE] Information transmitted by this email is proprietary to Stryker and is intended for use only by the individual or entity to which it is addressed, and may contain information that is private, privileged, confidential or exempt from disclosure under applicable law. If you are not the intended recipient or it appears that this mail has been forwarded to you without proper authority, you are notified that any use or dissemination of this information in any manner is strictly prohibited. In such cases, please delete this mail from your records. To view this notice in other languages you can either select the following link or manually copy and paste the link into the address bar of a web browser: http://www.physio-control.com/emaildisclaimer/

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 12:*** *Cricket Wireless 9-11 Sprint Report (August 9th 2019)*

# Event Chronology -- D19080914084 [5 Year Archive]

☑System Comments ☐Associated Events

| Event | Time | Date | Terminal | Operator | Action |
|-------|------|------|----------|----------|--------|
| 19080914084 | 13:12:54 | 8/9/2019 | ps2-c030 | 367264 | ANI NUM=114379001, CALLER NAME=AT&T MOBILITY, ▮▮▮▮, COMMENT=: S SECTOR, COMPANY=ATTMO, CLASS=WPH1,LAT=+040.861094,LONG=-073.897498,XY=XY(101260518,25301446) |
|  | 13:13:13 | 8/9/2019 | ps2-c030 | 367264 | ANI NUM=114379015, CALLER NAME=AT&T MOBILITY, ▮▮▮▮, COMMENT=: S SECTOR, COMPANY=ATTMO, CLASS=WPH1,LAT=+040.861094,LONG=-073.897498,XY=XY(101260518,25301446) |
|  | 13:13:55 | 8/9/2019 | ps2-c030 | 367264 | EVENT CREATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383): ▮▮▮ , Call Source=ANI/ALI , Phone Number=▮▮▮▮ , Zone=Z15 , PCT/Sector=52B , Post=52PP10 |
|  |  |  |  |  | Route=D, PCT=52, Sector=52B, St=New, P=7, Current=F, Open =T, Type=50P1-DISORDERLY: PERSON/INSIDE, Open/Current=F |
|  | 13:13:55 | 8/9/2019 | lol-search | 367264 | EVENT COMMENT=** LOI search completed at 08/09/19 13:13:55 |
|  |  |  |  |  | CRICKET WIRELESS |
|  |  |  |  |  | DISORDERLY MALE ---- NO WPNS --- NO INJRS ---- |
|  | 13:14:14 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=MB --- 5X4 --- SLIM BUILD --- BLK SHIRT --- JEANS -- BLK SHOES ---- WRNG GLASSES |
|  | 13:14:18 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=20S YO |
|  | 13:14:40 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=FC STS MB TAKING STORE PROPERTY AND DROPING IT ON THE FLR |
|  | 13:15:03 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=MB IS WALKING OUTSIDE --- WAITING IFO LOC --- STS HE IS GOING TO WAIT FOR PD --- |
|  | 13:15:24 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=FC NOW STS POSS MENTAL CONDITION |
|  | 13:15:30 | 8/9/2019 | ps2-c030 | 367264 | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383): ▮▮▮ , Call Source=ANI/ALI , Phone Number=▮▮▮▮ , Zone=Z15 , PCT/Sector=52B , Post=52PP10 |
|  |  |  |  |  | Route=D, PCT=52, Sector=52B, St=New, P=3, Current=F, Open =T, Type=54E2-AMBULANCE CASE: EDP/OUTSIDE, Open/Current=F |
|  |  |  |  |  | Route=AMB, PCT=BX, Sector=BX, St=New, P=3, Current=F, Open =T, Type=54E2-AMBULANCE CASE: EDP/OUTSIDE, Open/Current=F |
|  |  |  |  |  | Route=SOD, PCT=0, Sector =ES84, St=New, P=3, Primary Member=0, Current=F, Open =T, Type=54E2-AMBULANCE CASE: EDP/OUTSIDE, Open/Current=F |
|  |  |  |  |  | EVENT COMMENT=** Event Priority changed from 7 to 3 at: 08/09/19 13:15:30 |
|  | 13:15:30 |  |  |  | ** >>>> by: MICHELLE C. MULLEN on terminal: ps2-c030 |
|  |  |  |  |  | ** Event Type changed from 50P1 to 54E2 at: 08/09/19 |
|  |  |  |  |  | ** >>>> by: MICHELLE C. MULLEN on terminal: ps2-c030 |
|  |  |  |  |  | ** SOD event S19080914084 created |
|  |  |  |  |  | ** AMB event A19080914084 created |
|  | 13:15:34 | 8/9/2019 | ps2-c030 | 367264 | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383): ▮▮▮ , Call Source=ANI/ALI , Phone Number=▮▮▮▮ , Zone=Z15 , PCT/Sector=52B , Post=52PP10 |
|  |  |  |  |  | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383): ▮▮▮ , Call Source=ANI/ALI , Phone Number=▮▮▮▮ , Zone=Z15 , PCT/Sector=52B , Post=52PP10 |
|  |  |  |  |  | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383): ▮▮▮ BX , Call Source=ANI/ALI , Phone Number=▮▮▮▮ , Zone=Z15 , PCT/Sector=52B , |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

ENetDispatcher -- Event Chronology

Post=52PP10

Route=SOD, PCT=0, Sector=ESB4, St=Pending, P=2, Primary Member=0, Current=F, Open =T, Type=S4E2-AMBULANCE CASE : EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F

Route=AMB, PCT=BX, Sector=BX, St=New, P=2, Primary Member=0, Current=F, Open =T, Type=S4E2-AMBULANCE CASE : EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F

Route=D, PCT=52, Sector=52B, St=Pending, P=2, Current=F, Open =T, Type=S4E2-AMBULANCE CASE : EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F

EVENT COMMENT=** Event Priority changed from 3 to 2 at: 08/09/19 13:15:34

** >>>> by: MICHELLE C MULLEN on terminal: ps2 c030

** Event Type changed from S4E2 to S4E2(VIOLENT_EDP) at: 08/09/19 13:15:34

** >>>> by: MICHELLE C MULLEN on terminal: ps2 c030

| | | | | |
|---|---|---|---|---|
| 13:15:45 | 8/9/2019 | ps2 sod | 361205 | EVENT COMMENT=Event S190B0914084 has been displayed by the covering dispatcher |
| | | | | ** >>>> by: 361205 at 08/09/19 13:15:45 on terminal: ps2-sod |
| 13:15:52 | 8/9/2019 | ps2-sod | 361205 | Route=SOD, PCT=0, Sector=ESB4, St=Dispatch Assigned, P=2, Primary Member=0, Current=F, Open =T, Type=S4E2-AMBULANCE CASE : EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F |
| | | | | Unit=OESA4-3, St=DA, Comment=Event S19080914084 Dispatch Assigned |
| | | | | EVENT COMMENT=OESA4-3 -- Event S19080914084 Dispatch Assigned |
| 13:15:54 | 8/9/2019 | ps2-d15 | 353555 | EVENT COMMENT=Event D19080914084 has been displayed by the covering dispatcher |
| | | | | ** >>>> by: 353555 at 08/09/19 13:15:54 on terminal: ps2 d15 |
| 13:15:57 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=███████████████████ |
| 13:16:05 | 8/9/2019 | ps2 c030 | 367264 | EVENT COMMENT=ANI ALI 9119724057 AT T MOBILITY ██████████ COS WPH1 |
| | | | | LAT: 040.861094 LON: 073.897498 OPER MULLEN, MICHELLE C-C-PCPPDVCPS18-123 OPR |
| 13:16:19 | 8/9/2019 | s,s29mdt01 | 1 | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383) , Call Source=ANI/ALI , Phone Number=███████████, Zone=215 , PCT/Sector=52B , Post=52PP10 ,EMD Num=192212149 |
| | | | | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383) , Call Source=ANI/ALI , Phone Number=████████ , Zone=215 , PCT/Sector=52B , Post=52PP10 ,EMD Num=192212149 ,EMD Resp=D535 |
| | | | | Route=AMB, PCT=BX, Sector=BX, St=Pending, P=2, Primary Member=0, Current=F, Open =T, Type=S4E2-AMBULANCE CASE : EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F |
| | | | | Route=AMB, PCT=BX, Sector=BX, St=Pending, P=2, Primary Member=0, Current=F, Open =T, Type=S4E2-AMBULANCE CASE : EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F |
| | | | | Route=AMB, PCT=BX, Sector=BX, St=Held, P=2, Primary Member=0, Current=F, Open =T, Type=S4E2-AMBULANCE CASE : EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F |
| | | | | EVENT COMMENT=** Event held by Route AMB |
| 13:16:41 | 8/9/2019 | ps2 c030 | 367264 | EVENT COMMENT=E: POSS EDP AT LOC -- AIDED MALE ACTING OUT --- VIOLENT --- NO WPNS ---<br><br>BREATHING AND AWAKE --- 20S YO --- 1FO CRICKET WIRELESS |
| 13:16:57 | 8/9/2019 | ps2-d15 | 353555 | Route=D, PCT=52, Sector=52B, St=Pending, P=2, Current=F, Open =T, Type=S4E2-AMBULANCE CASE : EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F |
| | | | | Route=D, PCT=52, Sector=52B, St=Assigned, P=2, Current=F, Open =T, Type=S4E2-AMBULANCE CASE : EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

I/NetDispatcher – Event Chronology

52A1-2 - Event D19080914084 Dispatch Assigned

| 13:41:08 | 8/9/2019 | ps2-scb | 361198 | EVENT COMMENT=ADV FOR ESU PLEASE --- CW 2013 |
| 13:42:50 | 8/9/2019 | ps2-sod | 354109 | Route=SOD, PCT=0, Sector=ESB4, St=Dispatch Assigned, P=2, Primary Member=0, Current=F, Open =T, Type=54E2-AMBULANCE CASE: EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=T |
| | | | | Route=SOD, PCT=0, Sector=ESB4, St=Assigned, P=2, Primary Unit=0ESA4-3, Primary Member=0, Current=F, Open =T, Type=54E2-AMBULANCE CASE: EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F |
| | | | | Unit=0ESA4-3, St=DP, Loc=327 E FORDHAM RD BX |
| 13:43:26 | 8/9/2019 | ps2-d15 | 353555 | Unit=52B2-2, St=80, Comment=CXL ESU, Loc=327 E FORDHAM RD BX |
| | | | | EVENT COMMENT=52B2-2 -- CXL ESU |

*EMS ETA*

| 13:43:47 | 8/9/2019 | ps2-d15 | 353555 | EVENT COMMENT=E:ETA FOR EMS PLZ |
| 13:44:36 | 8/9/2019 | ps2-d15 | 353555 | EVENT COMMENT=EDP MESS XMIT |
| 13:44:44 | 8/9/2019 | ps2-d15 | 353555 | EVENT COMMENT=E;ETA PLZ |

| 13:45:35 | 8/9/2019 | ps2-scb | 361198 | Route=SOD, PCT=0, Sector=ESB4, St=Assigned, P=2, Primary Unit=0ESA4-3, Primary Member=0, Current=F, Open =T, Type=54E2 AMBULANCE CASE: EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F |
| | | | | Route=SOD, PCT=0, Sector=ESB4, St=Assigned, P=2, Primary Unit=0ESA4-3, Primary Member=0, Current=T, Open =F, Type=54E2-AMBULANCE CASE: EDP/OUTSIDE, SubType=VIOLENT_EDP, Open/Current=F |
| | | | | EVENT CLOSED |
| | | | | Unit=0ESA4-3, St=AV |
| | | | | Disposition Assigned=91 |

*EMS ETA*

| 13:45:38 | 8/9/2019 | ps2-d15 | 353555 | EVENT COMMENT=E:ETA |
| 13:48:37 | 8/9/2019 | ps2-d15 | 353555 | EVENT COMMENT=E:ETA FOR EMS PLZ |
| 13:49:07 | 8/9/2019 | sps29mdt01 | 1 | EVENT COMMENT=EMS Unit Onscene NYPDJobNumber:19080914084 EMSJobNumber:192212149 |
| | | | | DateTime:20190809134907ED EMSOperatorNumber:1387 UnitId:82K3 UnitType:BLS |

*EMS ARRIVAL*

| | | | | RouteFlag:N Comments: |
| 13:49:57 | 8/9/2019 | ps2-d15 | 353555 | Unit=52A1-2, St=UC, Comment=Preempt, Loc =20 W 190 ST BX |
| | | | | EVENT COMMENT=52A1-2 -- Preempt |

| 14:05:33 | 8/9/2019 | ps2-d15 | 357279 | Unit=52ST1-2, St=CU, Comment=Alarm Timer Extended: 30, Loc=20 W 190 ST BX |
| | | | | EVENT COMMENT=52ST1-2 -- Alarm Timer Extended: 30 |
| 14:05:57 | 8/9/2019 | sps29mdt01 | 1 | EVENT COMMENT=EMS Unit Transporting Patient NYPDJobNumber:19080914084 EMSJobNumber:192212149 |
| | | | | DateTime:20190809140556ED EMSOperatorNumber:1387 UnitId:82K3 UnitType:BLS |
| | | | | HospitalCode:25 RouteFlag:N HospitalName:JACOBI \ BRONX MUNICIPAL Comments: |
| 14:07:18 | 8/9/2019 | ps2-d15 | 357279 | Unit=52B2-2, St=87, Comment=JACOBI, Loc=327 E FORDHAM RD BX |
| | | | | EVENT COMMENT=52B2-2 -- JACOBI |
| 14:11:35 | 8/9/2019 | sps29mdt01 | 1 | EVENT COMMENT=EMS Unit Transporting Patient NYPDJobNumber:19080914084 EMSJobNumber:192212149 |
| | | | | DateTime:20190809141135ED EMSOperatorNumber:1387 UnitId:82K3 UnitType:BLS |
| | | | | HospitalCode:25E RouteFlag:N HospitalName:JACOBI PSYCHIATRIC Comments: |
| 14:14:45 | 8/9/2019 | ps2-d15 | 357279 | Unit=52ST1-2, St=UC, Comment=Preempt, Loc=20 W 190 ST BX |
| | | | | EVENT COMMENT=52ST1-2 -- Preempt |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

| | | | | |
|---|---|---|---|---|
| | | | | EVENT COMMENT=52A1-2 -- Preempt |
| 14:05:33 | 8/9/2019 | ps2-d15 | 357279 | Unit=52ST1-2, St=CU, Comment=Alarm Timer Extended: 30, Loc=20 W 190 ST BX |
| | | | | EVENT COMMENT=52ST1-2 -- Alarm Timer Extended: 30 |
| 14:05:57 | 8/9/2019 | sps29mdt01 | 1 | EVENT COMMENT=EMS Unit Transporting Patient NYPDJobNumber:19080914084 EMSJobNumber:192212149 |
| | | | | DateTime:20190809140556ED EMSOperatorNumber:1387 |
| | | | | UnitId:82K3 UnitType:BLS |
| | | | | HospitalCode:25 RouteFlag:N HospitalName:JACOBI \ BRONX |
| | | | | MUNICIPAL Comments: |
| 14:07:18 | 8/9/2019 | ps2-d15 | 357279 | Unit=52B2-2, St=87, Comment=JACOBI, Loc=327 E FORDHAM RD BX |
| | | | | EVENT COMMENT=52B2-2 -- JACOBI |
| 14:11:35 | 8/9/2019 | sps29mdt01 | 1 | EVENT COMMENT=EMS Unit Transporting Patient NYPDJobNumber:19080914084 EMSJobNumber:192212149 |
| | | | | DateTime:20190809141135ED EMSOperatorNumber:1387 |
| | | | | UnitId:82K3 UnitType:BLS |
| | | | | HospitalCode:25E RouteFlag:N HospitalName:JACOBI |
| | | | | PSYCHIATRIC Comments: |
| 14:14:45 | 8/9/2019 | ps2-d15 | 357279 | Unit=52ST1-2, St=UC, Comment=Preempt, Loc=20 W 190 ST BX |
| | | | | EVENT COMMENT=52ST1-2 -- Preempt |
| 14:37:18 | 8/9/2019 | ps2-b03 | 354414 | Unit=52B2-2, St=~, Loc=327 E FORDHAM RD BX |
| 14:41:41 | 8/9/2019 | ps2-d15 | 357279 | Unit=52B2-2, St=CU, Comment=Alarm Timer Extended: 30, Loc=327 E FORDHAM RD BX |
| | | | | EVENT COMMENT=52B2-2 -- Alarm Timer Extended: 30 |
| 15:10:10 | 8/9/2019 | ps2-d15 | 367521 | Route=D, PCT=52, Sector=52B, St=Assigned, P=2, Primary Unit=52B2-2, Primary Member=0, Current=T, Open =F, Type =54E2-AMBULANCE CASE: EDP/OUTSIDE, |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

*Exhibit 13: Jacobi Medical Center Discharge Papers (August 9th 2019)*

## AFTER VISIT SUMMARY
**Yaya Jallow** (MRN: 6208384)

## Instructions

1) please follow up with outpatient clinic (walk-in)
2) any thoughts of self harm please return to ER

## What's Next

You currently have no upcoming appointments scheduled

## General Emergency Department Discharge Instructions

We appreciate that you chose us as your healthcare provider.

This form provides you with information about the care you received in our Emergency Department and instructions about caring for yourself after you leave the Emergency Department. If you have further questions concerning this visit please call us at the included phone number above on this form. Please keep this form and bring it with you should you need additional treatment. If your symptoms become worse or you are not improving as expected and you are unable to reach your usual health care provider, or get to your follow up appointment, you should return to the Emergency Department immediately. We are available 24 hours a day.

*It is important that you keep appointments that may have been scheduled. If you are unable to make an appointment, please call the corresponding clinic to reschedule your appointment.*

## Instructions

 **No changes were made to your medications.**

## Home Medication Information

The list of your home medications is based on the information provided by you (or your representative) during your emergency department visit, and/or the information contained in your medical record. In addition, some of your home medications **may have been changed** by the

### HEALTH HOSPITALS | Jacobi

### Today's Visit
You were seen by HOON, HEE SN N, MD

**Reason for Visit**
throwing stuffs at the store

**Diagnosis**
Psychosis, unspecified psychosis type (HCC)

### Lab Tests in Progress
Comprehensive Metabolic Panel
TSH
Ha W/RBs MScro
Urine Tox S No Rflx

### Medications Given
haloperidol lactate (HALDOL) 5 mg
given 8/9/2019 2 15 PM
LORazepam (ATIVAN) 1 mg given
8/9/2019 2 15 PM

### Your End of Visit Vitals

| Blood Pressure | Temperature |
|---|---|
| 127/71 | 98.1 °F |
| **Pulse** | **Respiration** |
| 60 | 19 |
| **Oxygen Saturation** | |
| 100% | |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

## Acknowledgement of Discharge Instructions

- I understand the treatment received during this visit was provided on an **emergency basis only** and is not meant to be a replacement for ongoing medical care. I also understand the information provided in these discharge instructions, **including follow up information**, should be followed in order to ensure proper ongoing treatment of my complaint/diagnosis.

- A member of the Emergency Department staff has reviewed the discharge instructions provided to me and has answered any questions I may have had regarding these instructions.



_____
Patient/Representative Signature

_____
Relationship to Patient

08/10/2019          12:05
Date                Time

Witness

08/10/19          12:05
Date              Time

**Yaya Jallow**
**CSN:** 25609205
**DOB:** 4/5/1996 male
**MRN:** 6206303
**Adm Date:** 8/9/2019

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 14:** *North Bronx Admission Tag (August 30th 2019)*





1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 15:** *North Bronx Discharge Papers (August 30th 2019)*

Osborne G
Orodce

## AFTER VISIT SUMMARY

**HEALTH+** | North Central Bronx
**HOSPITALS**

**Yaya Jallow** MRN: 1804141

📅 8/30/2019  📍 NCB ED Psych 718-519-3030

## Instructions

You have been provided with list of outpatient mental health treatment providers. If you are in crisis please call 911 or go to your nearest emergency room.

## What's Next

You currently have no upcoming appointments scheduled.

## General Emergency Department Discharge Instructions

We appreciate that you chose us as your healthcare provider.

This form provides you with information about the care you received in our Emergency Department and instructions about caring for yourself after you leave the Emergency Department. If you have further questions concerning this visit please call us at the included phone number above on this form. Please keep this form and bring it with you should you need additional treatment. If your symptoms become worse or you are not improving as expected and you are unable to reach your usual health care provider, or get to your follow-up appointment, you should return to the Emergency Department immediately. We are available 24 hours a day.

*It is important that you keep appointments that may have been scheduled. If you are unable to make an appointment, please call the corresponding clinic to reschedule your appointment.*

## Instructions

 **No changes were made to your medications.**

## Today's Visit

**Reason for Visit**
Psychiatric Evaluation

**Diagnoses**
- Adjustment disorder, unspecified type
- Schizophrenia, unspecified type (HCC)

**Your End of Visit Vitals**

| | |
|---|---|
| Blood Pressure | Temperature (Oral) |
| 120/78 | 97.8 °F |
| Pulse | Respiration |
| 75 | 18 |
| Oxygen Saturation | |
| 99% | |

**MyChart** | CHART

With MyChart, you can... Message your doctor... Request refills... See test results... See your visit summaries and upcoming appointments and much much more...

To sign up go to **http:// mychart.nychealthandhospitals.org**, click "**Sign Up Now**", and enter personal activation code: **6Z57F-B9FG3**
**Expires: 2/6/2020 12:44 PM**

Additional Information:
If you have questions you can go to **https://epicmychart.nychhc.org/help** to contact our MyChart staff. Remember, for emergencies, always call 911 - do not use MyChart.

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

Account Summary
Account: JALLOW,YAYA [326049670]
Printed at 9/9/2019 12:13:14 PM for JOHNSON, WILLIAM

## Account Overview

| | |
|---|---|
| Name: JALLOW,YAYA [326049670] | |
| Class: Psych Emergency | Hospital Account Status: BILLED |
| Guarantor: JALLOW,YAYA [104163305] | Financial Class: Self-pay |
| Guarantor Type: Personal/Family | |
| Service Area: NYC HEALTH AND HOSPITALS CORP | Location: NORTH CENTRAL BRONX PARENT |
| Notification Date: | Self-pay Status: Full Self-Pay Due |
| Institutional? No | |

## Patient Demographics

| | | |
|---|---|---|
| Name: JALLOW,YAYA | Home Phone: 000-000-0000 | MRN: 1804141 |
| Address: 237 Landing Road | Cell Phone: | SSN: 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 |
| BRONX NY 10468 | Work Phone: | Birth Date: 04/05/96 |
| | Sex: Male | Age (at 23 years |
| | | Admission): |
| | Marital Status: Unknown | Current Age: 23 years |

Patient Demographics at Time of Discharge
| | |
|---|---|
| Name: JALLOW,YAYA | Home Phone: 000-000-0000 |
| Address: 237 Landing Road | Cell Phone: |
| BRONX NY 10468 | Work Phone: |
| | SSN: 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 |

## Guarantor Demographics

**JALLOW,YAYA [104163305] (P/F) NYC HEALTH AND HOSPITALS CORP**

Male, 23 years, 04/05/96
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

237 Landing Road
BRONX NY 10468

000-000-0000 (Home)

Guarantor does not use MyChart. Activation code generated.

Guarantor Demographics at Time of Discharge
JALLOW,YAYA

| | | |
|---|---|---|
| 237 Landing Road | 000-000-0000 (Home) | SSN: 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 |
| BRONX NY 10468 | | |

## Admission/Discharge

| | | |
|---|---|---|
| Admission Date: 08/30/2019 | IP Admission | Discharge Date: 08/30/2019 |
| | Date: | |
| Min Days End 09/04/2019 | Admission Type: Emergency [1] | Point of Origin: Non-Health Care Facility |
| Date: | | Point of Origin [1] |
| Patient Status: DC to Home or Self Care | Admission | Attending: Deborah Brome, MD |
| (Routine Discharge) [01] | Provider: | Provider: |

## Patient Contacts Attached to Account

| Date | Type | Pat Class | Pat Status | Unit | Adm Date | Dis Date |
|---|---|---|---|---|---|---|
| 08/30/201...Hospital E... | PE | Discharged - Confirmed | NB ED PSYCH | 08/30/2019 | 08/30/2019 |

file:///C:/Program%20Files%20(x86)/Epic/v8.3/en-US/HTML/blank.html                    9/9/2019

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 16:*** *Mental Health Fraud Complaints (October 7th 2019)*



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 17**: *BRC Formal Grievance Form (August 10th 2019)*

Client Grievance Procedure – Appendix B



Department of
Homeless Services

Seth Diamond
Commissioner

CLIENT GRIEVANCE REVIEW FORM

Clients have the right to bring grievances without fear of reprisal or of being deprived of shelter.

INSTRUCTIONS: Clients must complete Section I and submit to the DHS Office of Client Advocacy ("OCA"). OCA, along with the appropriate DHS staff, must complete and sign Section II, and provide a copy to the Director. A copy shall be retained with the DHS Office of Client Advocacy and placed in the Client's case record.

Section I: (To be completed by the Client)

I have reviewed the Director's response to my Client Grievance Form, which is dated

_08/10/2019_

I _Yaya Jallow_ _____ do not believe that the response to my grievance was satisfactory and I request a review.

_____
Resident Signature

_08/10/2019_
Date

_BRC Reading Mew Heights_
Shelter Name

Describe why the response is unsatisfactory:

_I had Money ($500) stolen from my locker the staff had an serious Messages came back to the tech on my locker opened when I had clearly left & locked I have been followed & harassed by the staff on several occasions to attempt to frame me as wrong as an attempt to cover up their actions_

Section II: (To be completed by the Director of Client Advocacy or functional equivalent, and by the appropriate Program Administrator)

Department Of Homeless Services, 33 Beaver Street, New York, NY 10004
http://www.nyc.gov/html/dhs/html/resrv/cmss.shtml



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 18:*** *Bronx Office of the Ombudsman Email (August 21st 2019)*

## Constituent Grievance Complaint



Yaya Jallow
Wed 8/21/2019 10:40 AM
dgarrettscott@cidny.org

↩    ↩    →    …

Hello Mrs. Garrett-Scott,

My name is Yaya Jallow, case number: 12022707, and i am
currently residing at BRC - Reaching New Height shelter
located at 237 Landing Rd, The Bronx, NY, 10468. I have been
preceding at this shelter for the last 3 months and during my
stay i have been subjected to harassment; stolen from; had
my privacy invaded; had my mental& overall character
challenged, questioned, and attempted to be discredited. I
have been followed by staff on multiple occasions for no
apparent legal valid reason & had my personal property
misplaces, stolen from (headphones, money {150+}, &
approved food). On several occasions I have knowingly locked
my locker only to return back from work to find it opened, a
feet that could only be accomplished by staff. I have been
provoked, harassed,attempted to be intimidated, & bothered
all in an attempt to cover-up all the injustices that the staff
was performing on me. I have been lied against, caused to
loose my job(s), and attempted to be strong-armed into
silence all while being treated in a manner that is unbecoming
of a facility associated with the department of homelessness. I
placed in a grievance complaint in on August 10th but It was
brushed off and the staff then stole my usd out of my locker a
few days after that

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 19**: Bronx Office of the Ombudsman Email Response (August 22nd 2019)*

## Constituent Grievance Complaint

**DG**  Deirdre Garrett-Scott <dgarrettscott@cidny.org>
Thu 8/22/2019 10:52 AM
To: You

📎 constituent_grievance_form.pdf

Good morning,

Thank you for your email. I am sorry to hear that your rights are being violated and that your property was stolen but unfortunately you have contact me in error. Our program does not handle complaints and/or grievances for the NYC Department of Homeless Services. Fortunately DHS has an Ombudsman program that might be able to help you. I have provided you with the link below and a copy of their grievance form.

I hope this helps.

https://www1.nyc.gov/site/dhs/prevention/office-of-ombudsman.page

Thank you,

Deirdre Garrett-Scott, MPA

Director, Long Term Care Ombudsman Program

Center for Independence of the Disabled in New York (CIDNY)
841 Broadway, Suite 301
New York, NY 10003

Tel: 212-812-2874

Fax: 212-254-5953

www.cidny.org

**Confidentiality Notice:** This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 20:** *Bronx Office of the Ombudsman Response (Link)*



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 21:** *BRC "Psychosocial" Evaluation Forgery Attempt #1 (August 26th 2019)*

**NYC** Department of
Homeless Services                    Independent Living Plan for Adults/Families

| FACILITY NAME: Reaching New Heights Residence | | TODAY'S DATE: 08/26/2019 | | CASE NUMBER: 12022707 | |
|---|---|---|---|---|---|
| CLIENT NAME: YAYA JALLOW | UNIT / BED #: 2-027 | ILP TYPE: Bi-Weekly | | DATE OF ADMISSION: 05/05/2019 | |
| OTHER ADULT: | CASE COMP: 1/0 | PA/HRA#: | SSN: XXX-XX-1627 | CARES ID #: 2089491 | |
| PA STATUS: Denied | | | | | |

| Concerning Member | Service Need | Service Activity | Service / Provider Agency | Start Date | Completion Date |
|---|---|---|---|---|---|
| YAYA JALLOW | Rules and Regulations | Adhere to all shelter rules and regulations | | 08/26/2019 | 08/27/2019 |
| | **Activity Specifics:** The client must adhere to shelter rules and regulations including the Code of Conduct and the Client Acknowledgement of Responsibility Form (CARF). The client must secure and/or maintain income to be appropriate for adequate housing. The client must exit sleeping quarters, dorm areas 9:00AM to 6:00 PM Monday-Friday or when directed. The client must keep the dorm area clean and in order regularly. The client will adhere to the policy of not having an excessive amount of property in his dorm area. | | | | |
| YAYA JALLOW | Meetings | Attend all scheduled meetings | | 08/26/2019 | 08/27/2019 |
| | **Activity Specifics:** The client must attend all scheduled meetings with the RS and/or shelter staff. If the client cannot attend the appointment, the client must notify the RS or shelter staff prior to the appointment in order to re-schedule. The client's next ILP review is on Tuesday August 27 at 6:00 pm. | | | | |
| YAYA JALLOW | Curfew | Abide by curfew rules | | 08/26/2019 | 08/27/2019 |
| | **Activity Specifics:** The client must abide by the 10pm shelter curfew. The client will adhere to the curfew mandates by signing for his bed nightly at 10pm. | | | | |

CHECK DOCUMENTS NEEDED

| | | | |
|---|---|---|---|
| Birth Certificate ☐ | Medicaid Card ☐ | ☐ | |
| PA Card ☐ | SS Card ☐ | ☐ | |
| Medicals ☐ | Immunization ☐ | ☐ | |
| Passport ☐ | Food Stamp ☐ | ☐ | |
| Budget Sheet ☐ | Other ☐ | | |

DATE OF NEXT REVIEW: 08/27/2019        EXPECTED MOVE OUT DATE:        LENGTH OF STAY: 117

DHS Form 12A
Rev 12 12/22/2011

1 of 2
CARES Case Number: 12022707
Generated: 08/26/2019 08:36 PM

DOC|INDEPENDENT_LIVING_PLAN

---

HAS CLIENT COMPLIED WITH THE TERMS OF THE LAST ILP?  YES

IF NO, DESCRIBE THE NON-COMPLIANCE IN DETAIL:

ON 08/26/2019 08:36 PM, I Hassan Mendoza, Housing Specialist HAVE EXPLAINED TO THIS CLIENT THE CONSEQUENCES OF CONTINUED VIOLATIONS OF ILP AND CLIENT RESPONSIBILITY REQUIREMENTS AND HAVE GIVEN THE CLIENT NOTICE WHICH STATES THAT CLIENT HAS A RIGHT TO AN AGENCY CONFERENCE OR FAIR HEARING TO CHALLENGE THE ILP VIOLATION.

COMMENTS:

I have assisted in the development and understand the above Service/Independent Living Plan, as required by regulation, as provision for achieving self-sufficiency and housing. I further understand that failure to comply with the development and completion of this plan, any Public Assistance or housing requirement as prescribed by 18 NYCRR Sections 352.35 & 900.10(c)(1), may result in discontinuance of my temporary housing. Appendix A also contains requirements that you must meet. Please see Appendix A for additional requirements.

Client's Signature _____ Date _____    Caseworker's Signature _____ Date _____

Supervisor's Signature _____ Date _____

DHS Form 12A
Rev 12 12/22/2011

2 of 2
CARES Case Number: 12022707
Generated: 08/26/2019 08:36 PM

DOC|INDEPENDENT_LIVING_PLAN

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 22:** *BRC "Psychosocial" Evaluation Forgery Attempt #2 (August 27th 2019)*

**NYC** Department of
Homeless Services               Independent Living Plan for Adults/Families

| FACILITY NAME: Reaching New Heights Residence | | TODAY'S DATE: 08/27/2019 | | CASE NUMBER: 12022707 |
|---|---|---|---|---|
| CLIENT NAME: YAYA JALLOW | UNIT / BED #: 2-027 | ILP TYPE: Bi-Weekly | | DATE OF ADMISSION: 09/05/2019 |
| OTHER ADULT: | CASE COMP: 1/0 | PA/VHRA#: | SSN: XXX-XX-1627 | CARES ID #: 2089491 |
| PA STATUS: Not Applying | | | | |

| Concerning Member | Service Need | Service Activity | Service / Provider Agency | Start Date | Completion Date |
|---|---|---|---|---|---|
| YAYA JALLOW | Employment | Accept first suitable job offer | | 08/27/2019 | 09/10/2019 |
| | **Activity Specifics:** The client will look for an suitable job. The client will complete the job search logs that was given to him on Tuesday August 27 in order to document his efforts to locate an suitable job. The client will bring back the completed job search logs on Tuesday September 10. | | | | |
| YAYA JALLOW | Rules and Regulations | Adhere to all shelter rules and regulations | | 08/27/2019 | 09/10/2019 |
| | **Activity Specifics:** The client must adhere to shelter rules and regulations including the Code of Conduct and the Client Acknowledgement of Responsibility Form (CARF). The client must secure and/or maintain income to be appropriate for adequate housing. The client must aid sleeping quarters, dorm areas 9:00AM to 5:00 PM Monday-Friday or when directed. The client must keep the dorm area clean and in order regularly. The client will adhere to the policy of not having an excessive amount of property in his dorm area. | | | | |
| YAYA JALLOW | Meetings | Attend all scheduled meetings | | 08/27/2019 | 09/10/2019 |
| | **Activity Specifics:** The client must attend all scheduled meetings with the RS and/or shelter staff. If the client cannot attend the appointment, the client must notify the RS or shelter staff prior to the appointment in order to re-schedule. The client's next ILP review is on Tuesday September 10 at 6:00 pm. | | | | |
| YAYA JALLOW | Curfew | Abide by curfew rules | | 08/27/2019 | 09/10/2019 |
| | **Activity Specifics:** The client must abide by the 10pm shelter curfew. The client will adhere to the curfew mandates by signing for his bed nightly at 10pm. | | | | |

CHECK DOCUMENTS NEEDED

| | | | |
|---|---|---|---|
| Birth Certificate ☐ | Medicaid Card ☐ | |
| PA Card ☐ | SS Card ☑ | |
| Medicals ☐ | Immunization ☐ | |
| Passport ☐ | Food Stamp ☐ | |
| Budget Sheet ☐ | Other ☑ | |

|||||||||||||| (barcode)
DOC|INDEPENDENT_LIVING_PLAN

DHS Form 12A
Rev 12 11/22/2011

1 of 2
CARES Case Number: 12022707
Generated: 08/27/2019 06:35 PM

---

DATE OF NEXT REVIEW: 09/10/2019          EXPECTED MOVE OUT DATE                LENGTH OF STAY: 11B

HAS CLIENT COMPLIED WITH THE TERMS OF THE LAST ILP?   NO

IF NO, DESCRIBE THE NON-COMPLIANCE IN DETAIL:

ON 08/27/2019 06:35 PM, I Hassan Mendoza, Housing Specialist HAVE EXPLAINED TO THIS CLIENT THE CONSEQUENCES OF CONTINUED VIOLATIONS OF ILP AND CLIENT RESPONSIBILITY REQUIREMENTS AND HAVE GIVEN THE CLIENT NOTICE WHICH STATES THAT CLIENT HAS A RIGHT TO AN AGENCY CONFERENCE OR FAIR HEARING TO CHALLENGE THE ILP VIOLATION.

COMMENTS *We did a psy-chosocial evaluation.*

I have assisted in the development and understand the above Service/Independent Living Plan, are required by regulation, as provision for achieving self-sufficiency and housing. I further understand that failure to comply with the development and completion of this plan, any Public Assistance or housing requirement as prescribed by 18 NYCRR Sections 352.35 & 900 1t(c)(1) may result in discontinuance of my temporary housing. Appendix A also contains requirements that you must meet. Please see Appendix A for additional requirements.

Client's Signature _____   Date 08/36   Caseworker's Signature _____   Date 7/28/19

Supervisor's Signature _____                    Date _____

|||||||||||||| (barcode)
DOC|INDEPENDENT_LIVING_PLAN

DHS Form 12A
Rev 12 11/22/2011

2 of 2
CARES Case Number: 12022707
Generated: 08/27/2019 06:35 PM

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 23:** *Transfer To Kingsboro (August 27th 2019)*

Form 402A
4/21/03 Revised

Division of Adult Services
Department of Homeless Services

### CLIENT NOTIFICATION OF INTENT TO TRANSFER

Shelter: BRC, REACHING NEW HEIGHTS                Date  8 / 27 / 19

| CLIENT'S SURNAME: | FIRST NAME: | CARES NUMBER: |
|---|---|---|
| JALLOW | YAYA | 2089491 |

You are being OFFICALLY transferred by ___ / ___ / ___. This is a notice that you will be transferred to an appropriate shelter where your needs will be met. Your housing needs will continue to be addressed at your new facility.

### Right of Review

Upon receipt of this notice, you are entitled to meet with your caseworker to discuss why you are being transferred. If you disagree with the transfer, you may have a Supervisory Review to respond to the reason(s) for your transfer.

[ ] I accept the reason(s) for transfer and I do NOT request a Supervisory Review.
   Client's Signature (x) _____
Date: _____
[ ] I do not accept the reason(s) for transfer and I request a Supervisory Review.
   Client's Signature (x) _____
Date: _____
[ ] I do not accept the reason (s) for transfer and I do not request a Supervisory Review
   Client's Signature (x) _____
Date: _____
[ ] Client refused to sign; however, reason(s) for transfer was explained to client. Supervisory Review mandated.

| WITNESSING CASEWORKER: | Print Name | Signature | Date |
|---|---|---|---|
| SOCIAL SERVICE DIRECTOR/ SHIFT SUPERVISOR | Print Name | Signature | 8/27/19 Date |

A SUPERVISORY REVIEW has been scheduled for the client on ___ / ___ at ___ AM / PM

SHELTER DIRECTOR / DEPUTY. I have reviewed the reasons and find that the transfer is:
( ) Withdrawn; no transfer at this time ( ) Upheld, transfer will proceed as above ( ) Revised, new Transfer Shelter and 402A.

| PRINT NAME | SIGNATURE | DATE |
|---|---|---|

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**_Exhibit 24:_** _BRC Corporate Email (August 28th 2019)_

Yaya Jallow

Wed 8 28 2019 11:45 AM

To: info@brc.org

Hello I currently reside at a BRC shelter, Reaching New Heights. I am currently being harassed. I have on multiple occasions brought up my concerns & issues with the staff to no avail. I am writing this email to found out where I can go to resolve this issue.

Reply        Forward

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 26:*** *Cricket Wireless Store Body-Cam Footage Screenshots*



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 27:** *City of New York (Law Department) FOIR List*

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 28:** *City of New York (Law Department) Name FOIR #1*



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 29:** *City of New York (Law Department) FOIR #2*

Mail - Yaya Jallow - Outlook - Google Chrome

outlook.live.com/mail/0/deeplink?popoutv2=1&version=20200520050622&ispopout=1&...

Reply | Delete | Junk | Block

openrecords@records.nyc.gov
Jan 17 2020 4:43 PM
To: jallow96@outlook.com

[OpenRecords] Request FOIL-2020-056-10280 Submitted to New York City Police Department (NYPD)

Your request FOIL-2020-056-10280 has been successfully submitted to the New York City Police Department (NYPD). The details of your request are shown below

Attached File: north_bronx_admn1_leg.png north_bronx_admn1_leg.png

Requesters Contact Information

Name:                    Yaya Jallow
Title:                   not provided
Organization:            not provided
Email:                   yjallow96@outlook.com
Phone Number:            (718)-306-5369
Fax Number:              not provided
Street Address (line 1): 460 Jay Street #138
Street Address (line 2): not provided
City:                    Brooklyn
State:                   NY
Zip Code:                11201

You can view the request and take any necessary action at the following webpage: https://a860-openrecords.nyc.gov/request/view/FOIL-2020-056-10280

Reply    Forward

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 30:** *City of New York (Law Department) FOIR #3*

Mail - Yaya Jallow - Outlook - Google Chrome

outlook.live.com/mail/0/deeplink?popoutv2=1

[OpenRecords] Request FOIL-2020-056-1296 Submitted to New York City Police Department (NYPD)

To: yjallow4@outlook.com

Your request FOIL-2020-056-1296 has been successfully submitted to the New York City Police Department (NYPD). The details of your request are shown below.

Requester's Contact Information

Request Type: Other Request

**Name:**
Yaya Jallow
**Title:**
Not provided
**Organization:**
Not provided
**Email:**
yjallow4@outlook.com
**Phone Number:**
(716) 200-5359
**Fax Number:**
Not provided
**Street Address (line 1):**
400 Jay Street #13G
**Street Address (line 2):**
Not provided
**City:**
Brooklyn
**State:**
NY
**Zip Code:**
11201

You can view the request and take any necessary action at the following webpage: https://a860-openrecords.nyc.gov/request/view/FOIL-2020-056-1296

Reply   Forward

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 31:*** *City of New York (Law Department) FOIR #3 Response*

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 32:** *Office of Comptroller Claim (November 22nd 2019)*

08/30          2019PI032403                    *Filed :08/07/20*

New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version:   NYC-COMPI-BLA-PI1-D

## Personal Injury Claim Form

Electronically filed claims must be filed at the NYC Comptroller's Website. If your claim is not resolved within 1 year and 90 days from the date of occurrence you must start legal action to preserve your rights.

**I am filing:**  ⦿ On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

| | |
|---|---|
| Last Name: | Jallow |
| First Name: | Yaya |
| Relationship to the claimant: | Self |

○ Attorney is filing.

**Attorney Information (If claimant is represented by attorney)**

| | |
|---|---|
| Firm or Last Name: | |
| Firm or First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Tax ID: | |
| Phone #: | |
| *Email Address: | |
| *Retype Email Address: | |

### Claimant Information

| | |
|---|---|
| *Last Name: | Jallow |
| *First Name: | Yaya |
| *Address: | 681 Albany Ave |
| Address 2: | |
| *City: | Brooklyn |
| *State: | NEW YORK |
| *Zip Code: | 11203 |
| *Country: | USA |
| Date of Birth: | Format: MM/DD/YYYY |
| Soc. Sec. #: | 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 |
| HICN: (Medicare #) | |
| Date of Death: | Format: MM/DD/YYYY |
| Phone: | (718) 200-5369 |
| *Email Address: | YJALLOW96@OUTLOOK.COM |
| *Retype Email Address: | YJALLOW96@OUTLOOK.COM |
| Occupation: | Fry Cook |
| City Employee? | ○ Yes  ⦿ No  ○ NA |
| Gender | ⦿ Male  ○ Female  ○ Other |

**The time and place where the claim arose**

| | |
|---|---|
| *Date of Incident: | 08/30/2019 Format: MM/DD/YYYY |
| Time of Incident: | 8:20 AM Format: HH:MM AM/PM |
| *Location of Incident: | BRC – Reaching New Heights |

| | |
|---|---|
| Address: | 237 Landing Road |
| Address 2: | |
| City: | The Bronx |
| *State: | NEW YORK |
| Borough: | BRONX |

*Denotes required fields. A Claimant OR an Attorney Email Address is required.*

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**\*Manner in which claim arose:** the claimant had the police and paramedics falsely called on them and was detained by NYPD, 52nd precinct, & FDNY against his will for no valid or legitimate reason  and detained against their will and forced to undergo a psychiatric evaluation which resulted in the claimant receiving a false diagnosis which ended up being the catalyst of a series of events that resulted in the claimant being transfered to an unsafe facility; loss wages; claimant's name was slandered; and caused the claimant to undergo psychological, emotional, and physical distress.

* Denotes required field.

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**The items of damage or injuries claimed are (include dollar amounts):**

hospital bills - unknown at the moment
distress - 3000$
pain & suffering - 1500$
pain - 150
suffering - 1350$
lost wages - 385.49$
actual - 70.49$
potential - 315$
lost economic activity - 114.51$

total: 5000$

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Medical Information**

| 1st Treatment Date: | 08/30/2019 | Format: MM/DD/YYYY |
|---|---|---|
| Hospital/Name: | North Central Bronx | |
| Address: | 111 East 210th Street | |
| Address 2: | | |
| City: | The Bronx | |
| State: | NEW YORK | |
| Zip Code: | 10467 | |
| Date Treated in Emergency Room: | 08/30/2019 | Format: MM/DD/YYYY |

Was claimant taken to hospital by an ambulance?    ⦿ Yes    ○ No    ○ NA

**Employment Information (if claiming lost wages)**

| Employer's Name: | Ora Di Pasta |
|---|---|
| Address: | 1 W 59th St |
| Address 2: | |
| City: | New York |
| State: | NEW YORK |
| Zip Code: | 10019 |
| Work Days Lost: | 1 |
| Amount Earned Weekly: | $117 00 |

**Treating Physician Information**

| Last Name: | Brome |
|---|---|
| First Name: | Deborah |
| Address: | 111 East 210th Street |
| Address 2: | |
| City: | The Bronx |
| State: | NEW YORK |
| Zip Code: | 10467 |

**Witness 1 Information**

| Last Name: | |
|---|---|
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | Phone: |

**Witness 2 Information**

| Last Name: | |
|---|---|
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | Phone: |

**Witness 3 Information**

| Last Name: | |
|---|---|
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | Phone: |

**Witness 4 Information**

| Last Name: | |
|---|---|
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | Phone: |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Complete if claim involves a NYC vehicle**

**Owner of vehicle claimant was traveling in**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Non-City vehicle driver**

| | |
|---|---|
| Last Name: | |
| First Name | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Insurance Information**

| | |
|---|---|
| Insurance Company Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Policy #: | |
| Phone #: | |

**Non-City vehicle information**

| | |
|---|---|
| Make, Model, Year of Vehicle | |
| Plate #: | |
| VIN #: | |

**City vehicle information**

| | |
|---|---|
| Plate #: | |

| | |
|---|---|
| City Driver Last Name: | |
| City Driver First Name: | |

**Description of claimant:**
- ☐ Driver
- ☐ Passenger
- ☐ Pedestrian
- ☐ Bicyclist
- ☐ Motorcyclist
- ☐ Other

| | | |
|---|---|---|
| **Total Amount Claimed:** | $5,000.00 | (Format: Do not include "$" or ",") |

*The Total Amount Claimed can only be entered once the following required fields are entered:*

*Claimant Last Name*
*Claimant First Name*
*Claimant Address,City,State,Zip Code, and Country*
*Claimant Email or Attorney Email*
*Date of Incident*
*Location of Incident (Including State)*
*Manner in which claim arose*

*I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.*

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn



**New York City Comptroller**
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Complete if claim involves a NYC vehicle**

**Owner of vehicle claimant was traveling in**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Non-City vehicle driver**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Insurance Information**

| | |
|---|---|
| Insurance Company Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Policy #: | |
| Phone #: | |

**Non-City vehicle Information**

| | |
|---|---|
| Make, Model, Year of Vehicle: | |
| Plate #: | |
| VIN #: | |

**City vehicle Information**

| | |
|---|---|
| Plate #: | |
| City Driver Last Name: | |
| City Driver First Name: | |

**Description of claimant:**
○ Driver  ○ Passenger
○ Pedestrian  ○ Bicyclist
○ Motorcyclist  ○ Other

**\*Total Amount Claimed:** _____   *Format: Do not include "$" or ","*

8/22/2019
Date

Signature of Claimant

State of New York
County of

I, _YAYA JALLOW_ _____, being duly sworn depose and say that I have read the foregoing NOTICE OF CLAIM and know the contents thereof; that same is true to the best of my own knowledge, except as to the matter here in stated, to be alleged upon information and belief, and as to those matters, I believe them to be true.

Sworn before me this day _____ NOV 2 2 2018

Signature of Claimant

Signature of Notary

Notary Public, State of New York
Reg. No. 04CА4835 1818
Qualified in New York County
Commission Expires December 12, 2020

**\*Denotes required field(s).**

Page 5 of 5

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

*Exhibit 33: DHS Rules & Regulations (Client Responsibility)*



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 34:** *DHS Rules & Regulations (What To Expect)*



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

**Exhibit 35:** *Department of Homeless Services Racist Paper-Trail (Liability Shift)* *

Case Home: YAYA JALLOW - 12022707                                    Page 1 of 2

**Case Home:** YAYA JALLOW - 12022707

**Options**

**Details**

| | | | |
|---|---|---|---|
| **Case Number:** 12022702 | | **Service Type:** Shelter | |
| **Case Type:** Single Adult | | **Managerial Flag:** No | |
| **Case Composition:** 1/0 | | **Case Owner:** Bradley BBB | |
| **Case Status:** Open | | **Intake Location:** 400 St Dept | |
| **Family ID:** | | **Reserved:** | |
| **Reserved:** | | **Case Close Date:** | |
| **Case Closure Reason:** | | **Were all children present at Intake:** | |
| **Head of Case:** | | **ACS Involvement:** No ACS Involvement for case | |

**DV History**

**Most Recent DV History:**

**Sex Offender Status**

**Sex Offender on Case:**

**Shelter Case**

| | | |
|---|---|---|
| **Application Type:** New | **Application Date:** 5/1/2019 | |
| **Application Status:** Completed | **Immediate Needs Assessment:** | |
| **Hold Type:** | **Hold End Date:** | |
| **Case Outcome:** Eligible | **Case Outcome Date:** 5/3/2019 | |
| **Long Term Stayer:** No | **Medical Dependent on Case:** No | |
| **Official Shelter:** Kingsboro MICA Men's Shelter | **EAF Generated Date:** | |

**Case Composition**

| Name | Date of Birth | Age | Gender | SSN | Relationship to Head of Case | Preferred Phone |
|---|---|---|---|---|---|---|
| YAYA JALLOW | 4/3/1996 | 21 | Male | 016893927 | Head of Case/Self | |

**Recent Changes**

| Event Type | Description | Date/Time | Created By |
|---|---|---|---|
| Temporary Bed Assignment | Temporary Bed Assignment at 400 St, East Hub | 11/26/2019 03:29 AM | pointstatus |
| Client Exit | Exit Shelter - Exit Unknown | 11/24/2019 11:22 PM | ANSTF_CP |
| Arrival at Official Facility | Arrival at Kingsboro MICA Men's Shelter | 07/28/2019 01:14 PM | DIVERSION_CP |
| Client Exit | Exit Shelter - Bed Transfer No Open Beds | 07/28/2019 01:14 PM | DIVERSION_CP |
| Arrival at Official Facility | Arrival at Kingsboro MICA Men's Shelter | 07/22/2019 01:02 PM | DIVERSION_CP |
| Client Exit | Exit Shelter - Bed Transfer No Open Beds | 07/22/2019 01:06 PM | DIVERSION_CP |
| Arrival at Official Facility | Arrival at Kingsboro MICA Men's Shelter | 05/06/2019 03:09 AM | DIVERSION_CP |
| Update Client Exit/Placement Record | Client Exit/Placement Record Updated | 05/03/2019 11:08 PM | DIGRANT_CP |
| Official Shelter Assessed | Official Shelter Accepted - Kingsboro MICA Men's Shelter | 05/03/2019 01:08 PM | HOLD2 |

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 36:*** *OTDA Demographic Information*



1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

***Exhibit 37:*** *Similar Situations\**

- ○ ***Amadou Diallo***
  - ▪ Amadou Diallo was an African immigrant, just like David Oluwale, who NYPD happened to mistakenly identify as a serial rapist, despite not being true nor having any credible information to support it and an obvious scapegoat for murder, that 4 NYPD officer felt the need to kill, probable as a service to the public for reaching for his wallet on February 4th 1999.
- ○ ***Daniel Prude***
  - ▪ Daniel Prude was a resident of Rochester, New York who died while being physically restrained while being intoxicated off PCP and walking around naked, something that has been described as a mental health episode instead of what it is, a man being intoxicated and high.
- ○ ***Deborah Danner***
  - ▪ Deborah Danner was an elderly Bronx resident that was gunned downed by the City of New York Police Department, while holding a baseball bat.
- ○ ***Eric Garner***
  - ▪ Eric Garner was a resident of Staten Island who was killed due to a choke-hold after being a victim of discrimination & humiliation at the hands of the City of New York Police Department.
- ○ ***Luis Vasquez***
  - ▪ Luis Vasquez was a resident of New York that attempted to take hostages at St. John the Divine to force the government into providing Latin American with support, something that matches all the outlines of terrorism yet the City of New York Police Department personnel felt the need to hesitate in taking him down, something the Defendant's personnel felt the need not to provide to The Plaintiff, instead automatically assuming he was in the wrong and had it been him they would have snipped him on arrival.
- ○ ***Luke h. Patterson***
  - ▪ Luke Patterson was a restaurant owner and community activist that was shot by New York State Police during the early morning hours on I-84, near exit 5, when he tried to get inside a "moving" police car after he was deemed to not be cooperative and refusing to obey commands, something it appears the public at large wanted The Plaintiff to do.
- ○ ***Saheed Vessel***
  - ▪ Saheed Vassel was a Crown Heights resident that was shot, uncannily very similar to Amadou Diallo, by NYPD when they responded to a 911 call in the area and encountered Saheed and mistaken a metal object he was holding for a gun. The shooting happened April 4th 2019, a year and day after The Plaintiff first ever moved to New York City and a day before his birthday, information that should be present in The Plaintiff's tax filings.
- ○ ***Shaun Fuhr***
  - ▪ Shaun Fuhr was a Seattle, Washington man that was killed in the Mount Baker neighborhood. He was killed when a Seattle Police Officer shot him in the head on April 29th 2020 during a chase with his baby daughter in his hands after Police responded to a call about him imprisoning and beating his girlfriend for hours.
- ○ ***Observations***

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

- All these individuals were killed by Police under the same, probably fabricated or not, situations The Plaintiff would end up finding himself in due to fraudulent 911 calls, a present obvious danger.
- In the months of September – October 2019 there was a total of 8 law enforcement killings in the US, 4 each, an usually statistically occurrence. Then the following month of November there was 2, in the whole country of the United States of America.

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

## *Notes*

- **Exhibit 1**
  - The Plaintiff would have his 2018 state taxes withheld for no valid nor legitimate reason despite The Plaintiff not being in the state nor ever in contact with the City of Albany nor the New York State Department of Finance every in his life beforehand nor being provided with help obtaining nor investigating the blatant tax theft regardless of the 3 times The Plaintiff would attempt to obtain his state taxes once returning to New York City in May 2019.

- **Exhibit 2**
  - After being questionable detained after being forced to carry his OTDA intake paper with him by BRC staff on May 9th 2019, 8 days after arriving back in New York City after a short visit in March 2019 and moving out of the City in September 2018 The Plaintiff would attempt to obtain station, body cam, and all other martial evidence for said detention, The Plaintiff would have all his FOIR request ignored and instead would experience increased police present everywhere he went, in comparison to his April 2018 - September 2018 visit and overall life experience, and a refusal of service campaign that seems to stem from said May 9th 2019 imprisonment.

- **Exhibit 3**
  - Judgment against The Plaintiff pertaining to aforementioned May 9th arrest, despite being criminal charged and fined The Plaintiff would still be ruled against despite having an abundance of evidence detailing all that was occurring.

- **Exhibit 7**
  - Screenshot of whenever The Plaintiff would have his phone service disconnected during the first weeks of August 2019, after dealing with a blatant theft campaign all summer 2019.
    - #1: phone can connect to network but no service
    - #3: while at Cricket Wireless waiting on an ambulance, phone still can still connect to network but no service at that time: 5 hours of no service
    - #4: the following day after release. Phone still can connect to network but no service. At this point 31 hours of no service for this one incident several days of no service at that point.
    - #5: at this point in time it was ongoing for 2 days. sim card inserted into phone but now phone doesn't recognize the sim card
    - #6: phone still able to connect to network but can't read the sim card despite the phone being in the same condition for days
    - #7: phone still able to connect to network but then claimed the sim & sd card do not work despite both not being directly located to each other

- **Exhibit 8**
  - After getting nowhere attempting to inform Cricket Wireless corporate of the occurrence of an act they were negligible for The Plaintiff would attempt to inform the New York State Attorney General office, of the occurrence of what The Plaintiff knew was reckless

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

endangerment of a grotesque nature. The Plaintiff would instead have the Office ignore, disregard, demean, & instead antagonize him and and complaint pertaining towards The Plaintiff.

- *Exhibit 11*
  - Somehow personnel already knew The Plaintiff had his wallet stolen, & slides, and despite acting like they knew nothing of or about him, they choose to act like they couldn't ID the complainant. Further proving the criminal intent and malicious nature of The Defendant's personnel actions and intentions.

- *Exhibit 15*
  - Everybody knew what was occurring and deliberated took part in all the criminal activities outlined in this and following complaints. The Doctor deliberately chose to remove her name from the discharge papers and surprise surprise has the same name as a person in the news that was also a possible victim of this False Mental Disability Defraudment Scheme (see Exhibit 37).

- *Exhibit 16*
  - After being forcible detained & imprisoned against his will The Plaintiff would send off the required forms outlining the obvious medical malpractice to the New York State Department of Health & Mental Hygiene.

- *Exhibit 17*
  - The staff went through The Plaintiff's belongings & somehow was able to know about The Plaintiff's ticket fine, an entrapment scheme, despite him not telling anyone what was actually occurring at the time of and even now at the time of writing, January 2021. The Staff knew how much to steal. They either went through his mail as part of their willful and deliberate invasion of privacy and abuse of position.

- *Exhibit 18 – 20*
  - The Plaintiff would send a complaint off to The Bronx Office of Ombudsman after reading their website and being redirected there due to it being their jurisdiction The Plaintiff would receive a response stating that they lacked jurisdiction over his complaint.

- *Exhibit 21 – 22*
  - The Staff went through the unnecessary process of attempting to slander The Plaintiff by attempting to use Department of Homeless Services forms to attempt to soft portray The Plaintiff as crazy to facilitate their plan of transferring The Plaintiff to Kingsboro disciplinary shelter in an attempt to obstruct, hinder, sabotage, & possible kill The Plaintiff.

- *Exhibit 23*
  - Unjust transfer to hinder The Plaintiff and make him possibly lose his CCRB complaint, something he handled on his own and never told anybody anything at all about, not even small talk.

- *Exhibit 24*
  - Never was responded to & instead was formally transferred instead of disciplining their

1:20-cv-06260 (SN) – Yaya Jallow v. City of New York – Magistrate Judge Hon. Sarah Netburn

criminal Staff as part of a deliberate murder & slander attempt.

- *Exhibit 32*
  - The Plaintiff would file the claim for this complaint with the New York City Office of the Comptroller on November 22nd 2019 and would be retailed against the very same day by having his bed withheld, a obvious sign that The Defendant knew of the notice and who the Complaint was and where he was "housed" at.

- *Exhibit 35*
  - The Staff's deliberately rubbing in of their racist & bigot worldviews and beliefs and their deliberate racism, regardless of their race.

*Exhibit Packet for Case No. 1:20-CV-06260*
*Yaya Jallow v. The City of New York*
*in The Southern District of New York For The United States District Courts*

*Prepared & Filed By The Plaintiff, Yaya Jallow, on this date January 28th 2021*

Yaya Jallow
The Plaintiff, pro se • yjallow96@outlook.com • (718) 200-5369